**UNITED STATES v. SOTAK et al.**

No. 7954.

District Court, M. D. Pennsylvania.

Feb. 8, 1933.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa.

J. Harry Morosini, of Scranton, Pa., for George Cuprak.

WATSON, District Judge.

This is a motion by George Cuprak to quash the indictment in this case. At the argument on the motion, the other defendants asked that they be allowed to join in the motion. The motion will be considered as if it had been made by all of the defendants.

The first reason assigned in support of the motion to quash is that the indictment fails to charge an offense against the United States under section 37 of the Criminal Code, 18 USCA § 88. The indictment charges that the "defendants, or conspirators, did unlawfully, wilfully, knowingly, and feloniously conspire, combine, confederate and agree together and with divers other persons whose names are to your Grand Jurors unknown, and therefore not mentioned herein, to defraud the United States, that is to say, to interfere with and obstruct lawful government functions by deceit, craft, trickery, and dishonest means and thereby defeat the authority of the Secretary of Labor to take into custody and deport aliens who were not lawfully entitled to reside within the United States, in accordance with the provisions of an Act of Congress passed May 26, 1924, and the amendments thereto, entitled 'Immigration Act of 1924' (43 Stat. 153) and the amendments thereto (8 USCA §§ 145, 146, 166, 167, 179, 201 et seq.) entitled 'An Act to Limit the Immigration of Aliens into the United States.'" In United States v. Pan-American Petroleum Co. (D. C.) 6 F.(2d) 43, 53, it was held: "To conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft, or trickery, or at least by means that are dishonest." In my opinion, this indictment properly charges the defendants with having conspired to defraud the United States as prohibited by section 37 of the Criminal Code (18 USCA § 88).

As to the third reason: The indictment sets forth nine overt acts which, it is alleged, were done by one or more of the defendants to effect the object of the conspiracy. Overt act 2 is stated in the indictment as follows: "2. Accompanied by Joseph Rollick and Andrew Petrick, defendants herein, the alien Andrej Bednar was taken to the alleged Immigration Officer, Mihail Sotak, alias Mike Miller, alias M. P. Miller, who promised not to arrest the said alien and who would for the sum of $250.00 secure for the said Andrej Bednar an Immigration Visa from the American Consulate in Niagara Falls, Ontario,

Canada, which Visa would entitle the alien to lawfully reside within the United States."

■ It is unnecessary to refer to the other overt acts alleged in the indictment. Criminal Code, § 37, 18 USCA § 88, is satisfied by averment and proof that one or more of such parties did any act to effect the object of the conspiracy. Lefkowitz v. Schneider (C. C. A. 3rd Circuit) 51 F.(2d) 685; Heskett et al. v. U. S. (C. C. A.) 58 F.(2d) 897.

After a careful examination of the indictment, I consider the other reasons assigned in support of the motion to quash entirely without merit and requiring no discussion.

■■ The general principle that formal defects not prejudicial will be disregarded now prevails. The old common-law rule of criminal pleading has yielded in modern practice. "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayre v. United States, 157 U. S. 286, 290, 15 S. Ct. 628, 630, 39 L. Ed. 704; Rosen v. United States, 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606." Hagner v. United States, 285 U. S. 427, 52 S. Ct. 417, 419, 76 L. Ed. 861.

The indictment in this case meets the test and is proper.

Now, February 8, 1933, the motion to quash the indictment is dismissed.