**Freddie BRANT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14959.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1955.

Freddie Brant, in pro. per.

Richard C. Baldwin, Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

## PER CURIAM.

By his motion to vacate sentence and by this appeal from an order denying the motion, appellant seeks in part the relief he sought and which was denied him by the district judge on November 4, 1952, and by this court on appeal in No. 14571 [1]

on the docket of this court, to obtain a new trial on the ground of newly discovered evidence. In addition he seeks to set the sentence aside on these grounds: (1) that he was deprived of his constitutional right to counsel by being required to plead to an indictment without the assistance of counsel of his own choosing or appointed by the court; (2) that he did not intelligently waive counsel; (3) that he did not understand the nature and effect of his plea; and (4) that he was ill when required and permitted to plead.

The district judge denied [2] petitioner's motion, and petitioner, appealing from that order, is here urging upon us, in the face of his and his co-defendant Redmon's written confession and the minute entry of their arraignment and plea of guilty [3]

[1]. Brant v. U. S., 210 F.2d 470.

[2]. The order read as follows:

"This matter is before the Court on the prisoner's motion to vacate sentence, motion to produce petitioner in court, motion to be a witness in his own behalf, motion for leave to subpoena witnesses, and motion for speedy trial.

"The motion to vacate sentence and the files and records of the case, conclusively show that the prisoner is entitled to no relief, and said motion is denied.

"The motion to vacate sentence being denied, the remaining motions are, also, denied.

"This prisoner previously filed a motion for leave to withdraw his plea of guilty and enter a plea of not guilty, and a motion for new trial based on newly discovered evidence. Those motions, were, on Nov. 4, 1952, denied by this court for reasons fully set forth by the Court at that time. The prisoner appealed from the rulings on those motions, and the matter is now pending before the Court of Appeals for this Circuit."

[3]. Arraignment:

"Mr. Schulingkamp: What is your name?

"Defendant Brant: Freddie Brant.

"Mr. Schulingkamp: Are you Don Redmon?

"Defendant Redmon: Yes, sir.

"Mr. Schulingkamp: Are you represented by an attorney today in Court?

"Defendant Redmon: No, sir.

"Mr. Schulingkamp: It is my duty to advise you, under the Constitution and laws of the United States every defendant who is charged with a federal offense is entitled to be represented by a lawyer. If you don't have the money to employ an attorney to represent you the Court, on a proper showing to that effect, will appoint counsel for you. However, this is not necessary and you may handle your own case if you so wish. What are your wishes in the matter?

"Defendant Brant: I wish to handle my own case.

"Defendant Redmon: I wish to waive it.

"Mr. Schulingkamp: Waive counsel?

"Defendant Redmon: Yes.

"Mr. Schulingkamp: Would you read and sign this Waiver?"

(Both defendants read and sign Waiver of assistance of Counsel.)

"Mr. Schulingkamp: You are charged jointly in an indictment in two counts as follows: (Count one was then read to them in full) To Count 1, Brant, how do you plead?

"Defendant Brant: Guilty.

"Mr. Schulingkamp: Redmon, how do you plead?

"Defendant Redmon: Guilty, sir.

"Mr. Schulingkamp: You are charged in Count 2 of the same indictment, as follows: (Count two was then read) To count 2, Brant, how do you plead? Guilty or Not Guilty?

"Defendant Brant: Sir, I plead 'Guilty' on that count with an explanation.

showing that each signed a written waiver of counsel and entered a plea of guilty to each count of the indictment after each count had been read, that this was not a case, as found by the district judge, where the files and records conclusively show that the appellant is not entitled to the relief asked.

We cannot agree with this view. On the contrary, we are in no doubt, upon the basis of the record that the district judge was right in not permitting defendant, after he had served his sentence in the state court and was serving, or about to enter upon the service of, his federal sentence, in effect to withdraw his plea of guilty and enter a plea of not guilty merely because, more than four years after defendant had pleaded guilty, he comes in with a motion in which he now denies what he formerly affirmed.

The order was right. It is affirmed.

"The Court: All right. You will have a chance to make a statement.

"Mr. Schulingkamp: Redmon, how do you plead to that count?

"Defendant Redmon: 'Guilty'."