James Melvin **WILCOX**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24113.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1967.

Harry W. Prebish, Richard M. Gale, Miami, Fla., for appellant.

Theodore Klein, James O. Murphy, Asst. U. S. Attys., Miami, Fla., William A. Meadows, Jr., U. S. Atty., by Donald Bierman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

With a different outcome, this case more acutely focuses upon essentially the same question, the proper *cross* examination of character witnesses, as that appearing in Gandy and Berry v. United States of America, 5 Cir., 1967, 386 F.2d 516.

Wilcox was convicted by a jury of transferring and delivering 500 counterfeit $20 reserve notes with the intent that they be passed as true and genuine and with the knowledge that they were counterfeit, in violation of Title 18, United States Code Annotated, Section 473. He was sentenced to two years imprisonment. We reverse and remand for a new trial.

We agree with the Government that this appeal exactly presents the following question:

Whether the District Court committed *plain error* in permitting the cross examination of three (of eight) character witnesses as to prior arrests of the defendant where there was no objection interposed the first time the questions were propounded and where the only subsequent objection was general and where no specific charge to the jury was requested.

The defendant attempted to establish a good reputation for morality and obedience to the law, whereupon, the prosecutor asked the witness if he *knew* that on January 10, 1957, Wilcox was arrested for worthless checks. The witness answered that he did. He was then asked, "And did you *know* that in 1958 he was arrested and convicted for grand larceny?" The witness did not know that. He was then asked, "Did you *know* that in 1960 he was arrested for assault and battery?" The witness did not know that. There were no objections to these questions.

When the next witness appeared the following took place on cross examination:

"Q. If I told you that in 1947 the defendant was arrested for breaking and entering—

MR. PREBISH: Your Honor, I object to this. It is improper and I object to it. It is an improper questioning of the witness as to this defendant. He is not on trial for anything that he did in prior years. The mere fact that he may have been arrested—I realize that he can ask the defendant if he has ever been convicted of a crime—

THE COURT: The law, as I understand it, when a witness is put on to testify as to the general character of a defendant, it is proper on cross examination to ask him whether or not he knows of convictions or offenses and even rumors, which surprised me when I first learned it.

MR. PREBISH: Well, it's a sad day, your Honor, when that is permitted.

THE COURT: I will sustain the objection to the question as it is phrased now—'If I told you.'

MR. MURPHY: Your Honor, could I ask him, 'Are you aware?'

THE COURT: Ask whether or not he knows.

BY MR. MURPHY: Q. Are you aware of the fact that in 1947 the de-

fendant was arrested for breaking and entering?

MR. PREBISH: I object to counsel reading from some document through which he is trying to apparently indicate to the jury is some sort of an F.B.I. record. I think it is eminently unfair, and I think it is prejudicial. And I think it is objectionable and I do object to it. If he wants to ask a question, I think he ought to ask it and be fair about it instead of shaking some kind of document in front of the jury.

MR. MURPHY: I am sorry if I exhibited this document in any way to the jury, your Honor.

BY MR. MURPHY: Q. Are you aware that the defendant was arrested in 1947 for breaking and entering?

A. No.

Q. Are you aware that he was arrested and convicted in 1958 for grand larceny?

A. No.

Q. Are you aware of the fact that in 1960 he was arrested for assault and battery?

A. No.

Q. Being aware of this, is your opinion—

MR. PREBISH: There has been no proof, and I object to anything that counsel said about being aware of it. I am not aware of any assault and battery or anything else, and I think it is improper questioning.

THE COURT: Well, we will settle it on the record.

Counsel, was your statement made in good faith and do you have any reasonable grounds to support the truth of the statement that you have asked?

MR. MURPHY: I sure do, your Honor.

THE COURT: All right, sir. Then I will permit the question.

BY MR. MURPHY: Q. After knowing this, is your opinion as to truth, veracity, honesty and integrity in the community still the same?

A. He has been true to me and a friend to me.

Q. Has that changed your opinion in any way?

A. No, I don't think it would."

■ In this one episode error at least five times rears its head. When both the Judge and United States Attorney used the word "know" instead of "heard" in alluding to past criminal conduct they failed to comply with the precise standard prescribed in Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). The Supreme Court said, " 'Do you know?' is not allowed".

Moreover, the trial court did not make inquiry in the absence of the jury as to the factual basis for the questions, Roberson v. United States, 5 Cir., 1956, 237 F.2d 536. The situation was componded when the United States Attorney displayed what appeared to be an F.B.I. convictions report in view of the jury and identified it by implication when he said he had not intended to exhibit it to the jury. Then the United States Attorney was permitted in the presence of the jury to vouch for the factual basis of these questions concerning allegedly prior criminal conduct and was allowed to stamp the imprimatur of correctness upon these assurances by asking the witness if his testimony remained the same "after *knowing* this". There was no cross examination of the next three character witnesses but the sixth was examined as above described for *Witness Number Two*. Counsel made the same objection "as before". The last two character witnesses were not cross examined.

With his proposed character evidence thus put in flames the defendant took the stand. In response to questions by his counsel he attempted to explain the "breaking and entering" case on the

ground that he had only paid a fine for trespass. He attempted to explain his plea of guilty to grand larceny as being caused by a promise of probation, but the Court, on objection, directed the jury not to consider that explanation. He "explained" the assault and battery as having been committed upon a man who had been playing with his wife. All this, of course, resulted in a sort of trial on the merits for multiple prior criminal offenses. It can only be likely that the jury considered these attempted explanations as confirmation rather than obliteration of this highly unfavorable turn of evidentiary events.

No cautionary instructions were requested or given [1] with reference to the character evidence and there was no exception to the jury charge.

In all this appellant had the assistance of counsel whose competency is not under question. The above résumé of what took place simply indicates, however, that in this particular trial neither the Court nor prosecuting counsel nor defense counsel correctly or adequately apprehended the proper method of adducing character evidence for the consideration of a jury in a criminal prosecution. The scope of the law being what it is in these latter days the wonder is that it does not happen more often.

We are keenly aware of what Mr. Justice Frankfurter said in his concurring opinion in Johnson v. United States, 1943, 318 U.S. 189, at 202, 63 S.Ct. 549, at 555, 87 L.Ed. 704:

"In reviewing criminal cases, it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure. To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution."

■■ In keeping with the foregoing injunction we have attempted to re-live the trial. We remain cognizant of the rule announced in Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L. Ed. 168 (1948) that rarely and only upon a clear showing of prejudicial abuse of discretion will appellate courts disturb the rulings of trial courts in the matter of character evidence testimony. We are likewise aware, however, of what we said in Landsdown v. United States, 1965, 5 Cir., 348 F.2d 405, to the effect that the introduction of incompetent évidence prejudicial to the defendant is plain error even when the defendant fails to objec'

We do not here find it necessary to apply the plain error rule. Defense counsel did object as to the second and sixth witnesses, albeit upon the wrong grounds. The Court ruled as if the objection had been for the right reason. It said (as above quoted):

"The law, as I understand it, when a witness is put on to testify as to the general character of a defendant, it is proper on cross examination to ask him whether or not he knows of convictions or offenses and even rumors, which surprised me when I first learned it."

[1]. The following is a copy of the Court's charge to the jury with reference to character evidence:

"The Court instructs you that where a Defendant has offered evidence of a good general reputation for truth and veracity or honesty and integrity or as a law abiding citizen, the jury should consider such evidence along with all the other evidence in the case. Evidence that a Defendant's reputation for truth and veracity or honesty and integrity or as a law abiding citizen has not been discussed or, if discussed and those traits of the Defendant's character have not been questioned, that may be sufficient to warrant the inference of good reputation as to those traits of character.

Evidence of a Defendant's reputation as to those traits of character ordinarily involved in the commission of the crime charged may give rise to a reasonable doubt, since the jury may think it improbable that a person of good character, in respect to those traits, would commit such a crime."

**64**

Presented with an inept objection, the Court announced its understanding of the law, which was erroneous. The trial thereafter proceeded, with the described complications, on that erroneous premise. In *Gandy* and *Berry,* supra, the trial court followed the rule approved in Roberson v. United States, requiring that the factual basis for questions raising specific former conduct or rumors must first be inquired into outside the presence of the jury. This appellant was denied the benefit of this rule.

■ This is not the typical situation in which a trial court for want of objection merely acquiesces in the actions of counsel so that the court is never really given an opportunity to rule and for which the court may not fairly be put in error for something which was not expressly called to its attention or which, in effect, it had no opportunity to correct. This was no inadvertence or casual confusion in the choise of phraseology. The court was affirmatively mistaken in its view of the law. It, therefore, must be charged with the responsibility of committing counsel to an erroneous procedure. When taken in the light of not requiring a preliminary showing of factual good faith, in the absence of the jury, and permitting the prosecutor to vouch for the existence of facts implicit in the propounded questions, the entire process of character evidence (and its adversary testing) took on a form which did not satisfy controlling legal principles in any degree.

These cumulative factors, therefore, serve to distinguish the result in this case from the outcome in *Gandy* and *Berry,* supra.

We find ourselves unable to say that the errors complained of constituted harmless error, Rule 52(a), Federal Rules Criminal Procedure, cf. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The Judgment of the District Court is

Reversed and remanded.