**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James L. TROLLINGER, Jr.,
Defendant-Appellant.**

No. 27229
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Aug. 19, 1969.

Carlton P. Maddox, Dawson, Galant, Maddox, Boyer, Sulik & Nichols, Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Trollinger was convicted under an indictment charging violation of 18 U.S.C.A. § 2113(a) and 18 U.S.C.A. § 2 (the aider and abettor statute). It is undisputed that Trollinger himself did not personally enter and rob the federally insured bank,[1] nor was he present at the escape of the bandit. His conviction is based primarily on the testimony of David Jesse Lee, the armed holdup man, that Trollinger agreed to lend his car to Lee for use in the robbery and aided Lee in preparing a disguise for the venture.

Lee testified also that he gave Trollinger $300 for the use of the car according to an agreement the two had made before the robbery.

At his trial, Trollinger took the stand and denied much of Lee's story particularly those parts implicating Trollinger as an aider in the crime. The Government, in turn, put on other evidence tending to cast doubt on Trollinger's denials. By its verdict, the jury resolved impliedly the credibility questions in favor of the Government, for they determined that Trollinger was guilty as charged. No question is raised concerning the sufficiency of the evidence.[2]

Trollinger's initial challenge—raised for the first time in this appeal—attacks the sufficiency of the indictment against him. No question having been raised about the sufficiency of the indictment at trial, the pleading must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted. *Cf.* United States v. Ellington, 5 Cir., 1969, 406 F.2d 348. See also Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Brant v. United States, 5 Cir., 1955, 218 F.2d 806. See generally 1 C. Wright, Federal Practice and Procedure § 123, at 225–27 (1969).

The indictment in this case unquestionably charged Trollinger with violating 18 U.S.C.A. § 2113(a) as a principal, and also referred specifically to the aider and abettor statute, 18 U.S.C.A. § 2.[3] Thus the indictment is clearly

---

1. The testimony of two Government witnesses established that the bank was robbed by a single gunman and that Trollinger was not that man.

2. Pursuant to new Rule 18 of the rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804 (Part I).

3. Of course, it is clear that an aider and abettor may be charged as a principal and the words "aid and abet" do not have to appear in the indictment. United States v. Washington,. 7 Cir., 1961, 287 F.2d 819, 820–821, cert. denied, 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 1259. See also United States v. Lester, 6 Cir., 1966, 363 F.2d 68, cert. denied, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542.

sufficient to meet the long-recognized standard.[4]

Trollinger's second complaint is directed to the Trial Judge's exclusion of certain character evidence offered on Trollinger's behalf. During the course of the trial, defense counsel called four character witnesses to testify for Trollinger. Three of these witnesses were permitted to testify, but the Trial Judge rejected the proffered testimony of the fourth on the ground that an adequate foundation had not been laid for its admission. Trollinger now assigns this ruling as error.

■■ The general rule is well established that rarely and only upon a clear showing of prejudicial abuse of discretion will appellate courts disturb the rulings of trial courts in the matter of character evidence testimony.[5] It is clear that in this case the Trial Judge acted well within the bounds of his discretion in rejecting some of the proffered testimony. First, it was not disputed that this witness had not known Trollinger long (about one month), nor had he lived in either of the cities where Trollinger had recently resided and as to which the inquiry was made. In the totality of the circumstances we find no error, much less reversible error, in the Trial Judge's decision to reject the proffered testimony.

Next, Trollinger makes two complaints about the charge given to the jury. He argues first that the failure of the Trial Judge to charge the jury on intent was reversible error, even though no request for such a charge was made at the trial. In the view of this Court, however, the Trial Judge adequately charged on the element of intent.

■ Second, he contends that the failure of the Trial Judge to give certain limiting instructions was reversible error. On cross-examination, Trollinger's three character witnesses were asked whether they had heard of another unrelated arrest of the defendant. Trollinger now complains that the Trial Judge failed to instruct the jury that these questions were limited in purpose to rebuttal of the testimony of good character and that they were not to be taken as evidence of guilt of the offense presently charged. At the trial, however, Trollinger's counsel made no objection to the failure to give limiting instructions, and there is no basis in this record for concluding that an error, if it was made, rises to the status of a plain error which should lead to reversal. *Cf.* Harrison v. United States, 5 Cir., 1968, 387 F.2d 614, 615.

Finally, Trollinger claims error in the admission into evidence of statements allegedly taken from him in violation of the requirements of Miranda v. Arizona, 1966, 384 U.S. 436, 456, 86 S.Ct. 1602, 16 L.Ed.2d 694. The statements in question were taken from Trollinger in two different interviews with FBI agents in June 1967. Contrary to Trollinger's position, the record reflects that he was given adequate *Miranda* warnings on each occasion. Consequently, we find this contention to be without merit.[6]

Affirmed.

4. Although we need not, and do not, decide it, we think the indictment would be sufficient even had objection been made at the trial level. It is almost inconceivable that Trollinger could have been prejudiced in any way by the form of the indictment, since it clearly appears that the defense was aware of the particulars of the Government's case.

5. See Michelson v. United States, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed.

168; Wilcox v. United States, 5 Cir., 1967, 387 F.2d 60; Gandy v. United States, 5 Cir., 1967, 386 F.2d 516; French v. United States, 5 Cir., 1956, 232 F.2d 736.

6. Because of our decision that *Miranda* has been complied with, we need not consider the Government's alternative contention that the two interrogations in question were not custodial in nature.