**STATE**

v.

**Charles BENOIT.**

**No. 96–310–C.A.**

Supreme Court of Rhode Island.

July 1, 1997.

---

**330**

Aaron L. Weisman, Lauren Sandler Zurier, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case comes before us on appeal by the defendant, Charles Benoit, from a judgment of conviction on seven counts of first-degree child molestation sexual assault, and one count of second-degree child molestation sexual assault, entered in the Superior Court. The defendant's appeal is based upon rulings by the trial justice in response to evidence offered by four character witnesses. We remand for reconsideration of these rulings.

The defendant was accused of molesting the victim, whom we shall call Mark, from 1987 to 1989 when Mark slept over at the home of defendant and babysat for defendant's two young children. As part of his case in chief defendant called four character witnesses. He sought opinion evidence from these character witnesses concerning defendant's truthfulness. The trial justice permitted evidence of defendant's reputation for truthfulness but rejected opinion evidence from some of the character witnesses on the ground that only reputation evidence in the community concerning truthfulness would be admissible.

However, Rule 608(a) of the Rhode Island Rules of Evidence reads as follows:

> "The credibility of a witness may be attacked or supported by evidence in the form of *opinion or reputation,* but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." (Emphasis added.)

■ The defendant was entitled to present opinion evidence concerning his character for truthfulness since his character on this subject had been attacked by an incisive cross-examination. *State v. Bowden,* 439 A.2d 263, 268–69 (R.I.1982). Consequently the trial justice was in error in precluding opinion as well as reputation evidence on this subject. Nevertheless, this error may have been harmless since three of the four character witnesses testified that defendant enjoyed a good reputation for truthfulness and the fourth character witness, one Thomas Mulvey, testified without objection that he knew Charles Benoit to be a truthful person.

The defendant also attempted to introduce evidence from one of his character witnesses that he was a trustworthy person with children. This evidence was rejected by the trial justice, who ruled that he would limit such testimony to reputation evidence pursuant to Rule 608(a). However, the applicable rule was R.I. R. Evid. 404(a)(1) which provides that "[e]vidence of a pertinent trait of the accused's character offered by an ac-

cused" is admissible as an exception to the general rule contained in Rule 404(a), which provides that evidence of a person's character is not "admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion." Character evidence offered by an accused may be proven by "testimony as to reputation or by testimony in the form of an opinion." R.I. R. Evid. 405(a).

We have held that evidence of good character offered by an accused must be pertinent to the charge with which the accused is faced. *State v. Oliviera,* 534 A.2d 867, 868–69 (R.I.1987). In that case we observed that the word "pertinent" is not necessarily synonymous with "relevant" but depends upon whether such evidence would " 'logically influence the issue.' " *Id.* at 869. In that case we held that a defendant's military record would not be pertinent to charges of sexual assault and child molestation.

■ In the case at bar it is argued that defendant's trustworthiness with children might well be pertinent and share a nexus with the crime of child molestation. We are of the opinion that the question as posed was somewhat inartistic and was not accompanied by an offer of proof that would lay a foundation for such an opinion. However, the judge's response that he was relying on Rule 608(a) indicates that he was not prepared to entertain or to consider character evidence based upon Rule 404(a)(1). At that juncture the trial justice should have held a preliminary examination to determine relevance as well as a foundation for opinion evidence.

Our Rule 404(a)(1) is based upon the common-law principle enunciated in *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), wherein the Supreme Court enunciated the general principle that the defendant may introduce affirmative testimony of good character. In that case the court emphasized reputation evidence. To that doctrine has now been added opinion evidence under Rule 404(a)(1).

■ We believe that evidence of good character on the part of an accused may well be a significant element in his or her defense. Generally the crime of sexual molestation

depends upon the credibility of the complaining witness as opposed to the credibility of the defendant. Therefore, excluding evidence of good character in respect to a pertinent trait cannot generally be considered harmless.

Consequently we remand this case to the trial justice to reconsider under Rule 404(a)(1) whether evidence of trustworthiness with children or other pertinent character traits should have been admissible after the laying of an appropriate foundation. The trial justice shall conduct a preliminary hearing to determine whether the proffered witness has sufficient knowledge and acquaintance with the defendant to offer an opinion on this pertinent character trait. If the trial justice determines that such evidence should be admissible, he should then consider whether the failure to admit such evidence was reasonably likely to have affected the verdict of the jury. *See State v. Johnson,* 667 A.2d 523, 530 (R.I.1995); *State v. Tribble,* 428 A.2d 1079, 1086 (R.I.1981); *State v. Camerlin,* 116 R.I. 726, 731–32, 360 A.2d 862, 865–66 (1976). In the event that the trial justice finds that such evidence would have had a reasonable likelihood of having influenced the jury to reach a contrary verdict, he should vacate the judgment of conviction and order a new trial. In the event that after the hearing on remand, the trial justice determines that there is an inadequate foundation for introduction of such testimony, or that it would not be reasonably likely to have influenced the jury to a contrary verdict, he may decline to order a new trial. Any such determination by the trial justice will be subject to review by this court.

For the reasons stated, defendant's appeal is sustained in part and the papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.

GOLDBERG, J., did not participate.