STATE

v.

George R. LOPES.

No. 98–12–C.A.

Supreme Court of Rhode Island.

March 16, 2001.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

George R. Lopes (the defendant) was tried and convicted by a Superior Court jury of second-degree child sexual molestation. He was sentenced to a term of ten years imprisonment at the Adult Correctional Institutions, with six years to serve, and the remaining four years being suspended and with probation. The defendant now appeals by asserting that, before his trial began, the trial justice abused his discretion and prejudiced his defense by failing to rule on a state's motion *in limine* to exclude several of his intended character witnesses. He additionally asserts that the trial justice erred in excluding the testimony of those character witnesses.

The case came before a single justice of this Court, who directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown, and we proceed to resolve the appeal at this time.

### Facts/Procedural History

The defendant was charged with molesting an eight-year-old neighborhood boy, whom we shall call Jim. The molestations were alleged to have taken place at the defendant's home between May and September 1994. During pretrial discovery, the defendant disclosed to the state that he intended to call character witnesses in his defense, and that they would testify about his reputation for truthfulness in the community, as well as give their opinions about his truthfulness and trustworthiness with children. He contends that the state filed a motion *in limine* seeking to exclude the presentation of this testimony. The case file, however, contains no record of any such motion, nor is there any evidence of any discussion or ruling by the trial justice on the alleged motion before the trial began. At the conclusion of the state's case, the defendant testified during the course of his defense. Thereafter, he attempted to call six character witnesses as part of his defense. The state objected and the trial justice then conducted a preliminary hearing outside the presence of the jury to determine whether a proper foundation ex-

isted for the admission of that testimonial evidence. Four witnesses testified at this preliminary hearing.[1] The first, fourteen-year old Domenic DiPietro (Domenic) testified that he has known the defendant for about four years, that he calls him "Uncle George" and that he considers him like a father or a grandfather. Domenic explained that the defendant had taken him to the movies, out to eat, and to the Grand Prix in Seekonk. In addition, sometimes the defendant would buy him things. He testified that the defendant never displayed any sexual interest towards him and that he never witnessed the defendant make any advances toward other boys. Domenic claimed that he discussed the defendant's reputation with people in the community and that the defendant's reputation was good. He also said that he believed the defendant to be a trustworthy person.

Alfred Valenti (Alfred), twenty-nine-years old, testified that when he was a child, he and his two brothers would go on outings with the defendant. He said that during that same period, only occasionally was he alone with the defendant, and that after he turned fifteen, his contact with him greatly diminished. By 1994, Alfred rarely saw the defendant. Although Alfred testified that the defendant never acted inappropriately towards him when he was a child, he admitted that he did not have occasion to witness the defendant's recent interactions with children. He said that he considers the defendant to be an honest man and that, based on conversations with three or four of his own relatives, he believes that the defendant has a reputation for honesty in the community.

Edward Valenti (Edward), Alfred's twenty-seven-year old brother, testified that his experiences with the defendant were similar to those of his brother. Like Alfred, Edward testified that the defendant never made any sexual advances toward him when he was a child. Since then, however, he has not witnessed the defendant's interactions with children. He said that, in his opinion, the defendant is kindhearted and honest, but that he has never discussed the defendant's reputation in the community with any other person.

Florence Valenti (Florence), mother of Alfred and Edward, testified that she has known the defendant for approximately thirty-four years and that she considers him to be an honest and trustworthy person. She said she used to allow the defendant to be alone with her sons when they were younger because she trusted him. Based on conversations that she claimed she had with two or three people—only one of whom she actually could name—Florence concluded that the defendant's reputation in the community was that of being a good person.

At the conclusion of the preliminary hearing, the trial justice ruled admissible only Domenic's testimony. He excluded the character opinion testimony from the other character witnesses, finding that it lacked sufficient foundation for admission. The defendant subsequently was convicted and he timely appealed.

Additional facts will be provided as needed.

## Analysis

### I

### The Character Evidence

The defendant asserts that the trial justice erred in excluding his proffered character witness testimony. He contends that this testimony would have established that he has a reputation for trustworthiness in the community and, in particular, that he is a trustworthy person with children. *See State v. Benoit*, 697 A.2d 329, 331 (R.I. 1997) (per curiam) (concluding that evidence of trustworthiness with children "might well be pertinent and share a nexus with the crime of child molestation").

---

1. The two other proposed witnesses failed to appear. In this appeal we will concern ourselves only with the four witnesses who actually did testify.

■ We have stated previously that "[r]arely and only upon a clear showing of prejudicial abuse of discretion will appellate courts disturb the ruling of trial courts in the matter of character evidence testimony." *State v. Oliviera*, 534 A.2d 867, 869 (R.I.1987) (quoting *United States v. Trollinger*, 415 F.2d 527, 529 (5th Cir. 1969)).

■ "[A] defendant [is] entitled to present opinion evidence concerning his character for truthfulness [where] his character on this subject ha[s] been attacked by an incisive cross-examination." *Benoit*, 697 A.2d at 330 (citing *State v. Bowden*, 439 A.2d 263, 268–69 (R.I.1982)). Pursuant to Rule 404(a) of the Rhode Island Rules of Evidence, character evidence of a defendant generally "is not admissible for the purpose of proving that he or she acted in conformity therewith on a particular occasion." Subsection (1) of Rule 404(a) permits an exception to that rule and "[e]vidence of a pertinent trait of the accused's character offered by an accused" is admissible. "[T]he word 'pertinent' is not necessarily synonymous with 'relevant' but depends upon whether such evidence would 'logically influence the issue.'" *Benoit*, 697 A.2d at 331 (quoting *Oliviera*, 534 A.2d at 869). Thus, "evidence of good character offered by an accused must be pertinent to the charge with which the accused is faced." *Id.* (citing *Oliviera*, 534 A.2d at 868–69).

■ "Character evidence offered by an accused may be proven by 'testimony as to reputation or by testimony in the form of an opinion.'" *Benoit*, 697 A.2d at 331 (quoting R.I. R.Evid. 405(a)). *See also State v. Cote*, 691 A.2d 537, 540 (R.I.1997) (recognizing that "[i]t has long been recognized that testimony of a character witness called for the purpose of establishing another witness's reputation in the community for veracity is generally admissible"). However, "[n]otwithstanding the relevance of reputation evidence * * * a witness may not testify to the reputation of another witness unless evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter." *Cote*, 691 A.2d at 540 (citing R.I. R.Evid. 602). "In addition to the requirement of personal knowledge, this court has indicated that '[t]he crucial time when the character of the witness under attack has its influence on his [or her] truth-telling is the time when he [or she] testifies.'" *Cote*, 691 A.2d at 541 (quoting *State v. Sepe*, 122 R.I. 560, 568, 410 A.2d 127, 132 (1980)). "Testimony concerning a witness's reputation for truthfulness as of any time before trial is admissible if the trial justice determines the evidence not too remote to be significant." *Id.*

■ In *Benoit*, we stated that:

"We believe that evidence of good character on the part of an accused may well be a significant element in his or her defense. Generally the crime of sexual molestation depends upon the credibility of the complaining witness as opposed to the credibility of the defendant. Therefore, excluding evidence of good character in respect to a pertinent trait cannot generally be considered harmless." *Benoit*, 697 A.2d at 331.

In that case, we remanded for reconsideration the issue of whether, under Rule 404(a)(1), "evidence of trustworthiness with children or other pertinent character traits should have been admissible after the laying of an appropriate foundation." *Benoit*, 697 A.2d at 331. We instructed the trial justice in that case to "conduct a preliminary hearing to determine whether the proffered witness has sufficient knowledge and acquaintance with the defendant to offer an opinion on this pertinent character trait." *Id.*

■ In the present case, after conducting the requisite preliminary hearing, the trial justice permitted only Domenic to testify about the defendant's character. He excluded the proffered character witness testimony of the Valenti family members, Florence, Albert and Edward. In so ruling, the trial justice found that these

witnesses had failed to provide sufficient foundation from which to form an opinion of the defendant's reputation in the community. He noted that Edward testified that he had never discussed the defendant's reputation in the community with anyone; Albert had discussed the defendant's reputation only with a few of his own relatives; and Florence could recall the name of only one person with whom she had discussed the subject. Considering that a witness must establish that he or she has personal knowledge of another person's reputation before he or she can proffer an opinion concerning that reputation, we cannot conclude that the trial justice abused his discretion in excluding the proffered reputation evidence.

 The defendant also contends that the trial justice abused his discretion by excluding testimony from the witnesses concerning their opinion of the defendant's trustworthiness with children. The trial justice specifically noted that the childhood experiences of Albert and Edward were far too remote to be significant. We note that the record reveals that Albert and Edward testified at the preliminary hearing that when they themselves were young boys, the defendant neither made sexual advances toward them nor acted inappropriately while in their presence. We note also that at the time of trial, both Albert and Edward, now mature adults in their late twenties, had no knowledge concerning the defendant's current interaction with children. Accordingly, we conclude that the trial justice did not abuse his discretion in excluding the character evidence testimony of Florence, Albert and Edward.

## II

### The Motion in Limine

■ The defendant asserts that the trial justice abused his discretion and erred in failing to rule on the state's pretrial motion *in limine* seeking to exclude his named and identified character witnesses that he anticipated calling to testify in his defense. He contends that this error caused him prejudice because during his counsel's opening statements, his counsel generally referenced what those witnesses were expected to say about the defendant's character.

After an extensive review of the case file, we cannot find any record of the state's alleged motion *in limine* ever having been filed, much less any evidence of the trial justice's failure to timely rule on the same. Considering that there is no record evidence of the error alleged by the defendant, we will not address his appellate contention in that regard.

Accordingly, and for the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment is affirmed, and the papers in this case are remanded to the Superior Court.

Chief Justice Williams did not participate.