**Alvy McQUEEN, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 1:91–CV 0329.**

United States District Court, S.D. Texas, Houston Division.

May 4, 1995.

court for good cause, the case shall be dismissed without prejudice.

Stuart D. Gibson, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

### BACKGROUND

In 1988, Alvy McQueen (Plaintiff), was under investigation for evasion of the Federal Motor Fuels Tax. In connection with this investigation, Agents Mark W. Hughes (Hughes) and Susie M. Wong (Wong) of the Criminal Investigation Division of the Internal Revenue Service, acting with a valid search warrant, seized various incriminating documents (the Documents) belonging to Plaintiff. Plaintiff asserts that the Documents were "matters occurring before the grand jury" within the meaning of Rule 6(e) of the Federal Rules of Criminal Procedure.[1]

According to Plaintiff, Agents Wong and Hughes, at the direction of former Assistant U.S. Attorney Nancy K. Pecht (Pecht), turned the Documents over to FBI agents, IRS civil enforcement agents and agents representing the Texas Comptroller (Comptroller). His original complaint maintains that these disclosures were in violation of Fed. R.Crim.P. 6(e)[2] and Section 6103 of the Internal Revenue Code.[3]

Plaintiff now seeks to amend his complaint to add a *Bivens*[4] cause of action. He maintains that the improper "bleeding" of grand jury information to the Comptroller, the FBI, and the civil division of the IRS subverted the grand jury process and thereby

John A. Townsend, Townsend & Jones, Houston, TX, for plaintiff.

1. Plaintiff contends that there was an industry-wide grand jury investigation of motor fuel tax evasion underway at the time he became a target. He asserts that the Documents were seized in conjunction with this ongoing investigation and were, therefore, "matters occurring before the grand jury."

2. Fed.R.Crim.P. 6(e) provides, in relevant part:

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

3. The general rule of 26 U.S.C. § 6103 is:

Returns and return information shall be confidential, and except as authorized by this title (1) no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

4. *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

violated his Fifth Amendment[5] rights. Accordingly, he seeks to hold Wong, Hughes and Pecht personally liable for this alleged constitutional tort.[6]

Defendants assert that Plaintiff should not be allowed to amend his complaint since his *Bivens* action (1) is untimely; (2) is barred by the doctrine of Qualified Immunity; and (3) fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Because the court finds that any disclosure of the Documents did not infringe upon Plaintiff's fundamental right to a grand jury, the Motion for Leave to Amend Complaint is denied.

## ANALYSIS

### I.

■ The court need not allow a plaintiff to amend the complaint to add a patently futile claim. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993). In deciding whether Plaintiff's *Bivens* action states a claim, the court will take as true all facts alleged in the complaint. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir.1995). No claim exists only if it appears beyond doubt that plaintiff would not be able to recover under any set of facts that he could prove in support of his claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### II.

■ In *Bivens*, the Supreme Court held the victim of a Fourth Amendment violation by federal officers acting under color of their authority could bring suit for money damages against the officers in federal court. *Bivens*, 403 U.S. at 397, 91 S.Ct. at 2005. Not all objectionable actions by federal employees, however, create a cause of action under *Bivens*. *See generally Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648

(1983); *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). The Supreme Court has repeatedly warned against extending *Bivens*, which involved an egregious breach of the Fourth Amendment by federal agents, into new arenas. *See FDIC v. Meyer,* —— U.S. at ——, 114 S.Ct. at 1005 (1994); *Schweiker v. Chilicky*, 487 U.S. 412, 421, 108 S.Ct. 2460, 2466–67, 101 L.Ed.2d 370 (1988). One court has stated that "[t]he result [of *Chilicky* ] is a sort of presumption against judicial recognition of direct actions for violations of the constitution by federal officers or employees." *McIntosh v. Turner*, 861 F.2d 524, 526 (8th Cir.1988).

■ In the case *sub judice*, Plaintiff asks the court to extend *Bivens* and provide him an additional cause of action, not because the government failed to secure a grand jury indictment prior to Plaintiff's trial (and eventual conviction), but due to "leaks" of grand jury information to other federal and state agencies. The court is unconvinced that the Constitution provides Plaintiff with a right to grand jury secrecy sufficient to warrant a *Bivens* cause of action.

The plain language of the Fifth Amendment makes no provision for secret grand jury proceedings. The amendment merely states that prior to standing trial for a capital or infamous crime an individual must be properly indicted by a grand jury. U.S. CONST. amend. V. Plaintiff does not dispute that he was properly indicted by a grand jury before he had to stand trial.

■ Furthermore, the constitutional concerns underlying the use of a grand jury are (1) protecting a defendant against double jeopardy by setting forth specific crime or crimes for which he is to be tried; and (2) giving notice to the accused of the charge(s) against him. *U.S. v. Field*, 875 F.2d 130 (7th Cir.1989) (citing *Stirone v. U.S.*, 361 U.S.

---

5. The Fifth Amendment provides, in relevant part:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger ...

6. A *Bivens* action cannot be brought against a federal agency. *FDIC v. Meyer,* —— U.S. ——, ——, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994). Only federal officers and employees are subject to *Bivens* actions.

212, 217–19, 80 S.Ct. 270, 273–74, 4 L.Ed.2d 252 (1960) and *Hagner v. U.S.*, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932)). A breach of the general rule of secrecy, especially when the leaks have no nexus with the deliberations of the grand jurors, does not appear to be a fundamental concern of the Fifth Amendment. This court is unaware of any case holding that disclosure of matters considered by a grand jury trammel an accused's Fifth Amendment rights.[7]

Plaintiff asserts that the common law provides a strong indication that secrecy can be inferred as an indispensable part of the Fifth Amendment guarantee. The court is unconvinced. At common law, grand jury witnesses, unlike the grand jurors, were not under an obligation of secrecy. *U.S. v. Central Supply Ass'n*, 34 F.Supp. 241, 245 (N.D.Ohio 1940) (citing Book of Oaths, 1688 Ed., 113–15). Additionally, none of the reasons historically cited in support of grand jury secrecy apply to the case at hand. The grand jury is secret

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 n. 10, 99 S.Ct. 1667, 1673 n. 10, 60 L.Ed.2d 156 (1979). The court fails to see how the alleged disclosures implicate the concerns outlined in *Douglas Oil.*

Finally, the court is not unmindful of the fact that Plaintiff has failed to cite any case

law in support of the novel position that the "bleeding" of grand jury information can form the basis of a *Bivens* action.

### ORDER

Before the court is the Plaintiff's Motion for Leave to Amend Complaint. After considering the Motion the court is of the opinion that the Motion should be DENIED. It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Complaint is DENIED.

liberations of the grand jurors. He does not make this argument.

---

7. The court would be presented with a significantly different situation if Plaintiff was to assert that the disclosures negatively impacted the de-