· Craig WASHINGTON, individually and on behalf of all others similarly situated, Plaintiff,

v.

**PHILLIP/SECO INDUSTRIES, INC., Defendant.**

No. 1:00–CV–380.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 10, 2000.

John Gerard Werner of Reaud, Law Firm, Beaumont, TX, for Plaintiff.

David Israel of McGlinchey & Stafford, New Orleans, LA, Michael J. Truncale of Orgain, Bell & Tucker, Beaumont, TX,

Kevin G. Barreca, Michelle A. Heurtin of Sessions & Fishman, New Orleans, LA, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

SCHELL, District Judge.

This matter is before the court on Plaintiff's motion for leave to file his first amended complaint, filed on August 21, 2000. Upon consideration of Plaintiff's motion, Defendant's opposition to Plaintiff's motion, and applicable law, the court is of the opinion that Plaintiff's motion should be DENIED.

Plaintiff's first amended complaint purports to add fraud and negligence claims to the existing Fair Labor Standards Act claim, alleging that Plaintiff relied on "Defendant's actions in informing [Plaintiff], verbally and/or through the 'W–2s' and other tax forms required by the Internal Revenue Service, that the 'per diem' was not to be considered 'taxable income.'" These actions allegedly "caused [Plaintiff] to file tax returns which declared only that income characterized by Defendant as 'taxable income' as wages on their tax forms." Plaintiff also alleges that Defendant's actions may cause Plaintiff "to incur substantial expense, interest, and/or penalties in light of the prior tax filings." Plaintiff further claims that Plaintiff "may also be entitled to recover damages and/or indemnity" for any future "reasonable and necessary costs of procuring tax and/or accounting consultation."

■ However, Plaintiff alleges that he "was employed by Defendant from on or about January 15, 2000 until about March 15, 2000"—a two month period at the very beginning of the 2000 tax year. Tax returns for the year 2000 will not be due until April of 2001. Defendant will not issue a W–2 to Plaintiff until at least January of 2001. Thus, Plaintiff has not filed any tax returns based on Defendant's alleged actions. Plaintiff also would not have incurred any "reasonable and necessary costs of procuring tax and/or accounting consultation." For these reasons, Plaintiff has not yet suffered any damages, nor does he face an imminent threat of damages, relating to the fraud and negligence claims asserted in his amended complaint; therefore, those claims are not ripe.

■ To maintain a claim in federal court, Article III of the U.S. Constitution requires that a judicial case or controversy exist.[1] One of the characteristics of a judicial case or controversy is that the plaintiff must have standing.[2] A plaintiff must have suffered some actual, concrete injury-in-fact as a result of a defendant's actions.[3] Here, because Plaintiff's fraud and negligence claims are not yet ripe, Plaintiff lacks standing for those claims.

■ Leave to amend a complaint need not be allowed and should be denied if the proposed amendment is futile, i.e., cannot withstand a motion to dismiss.[4] Plaintiff lacks standing for the fraud and negligence claims alleged in the amended complaint. Therefore, Plaintiff's motion for leave to amend his complaint is DENIED. It is so ORDERED.

1. U.S. Const. Art. III, § 2, cl. 1.

2. See generally, J. Brian King, *Jurisprudential Analysis of Justiciability Under Article III*, 10 Kan. J.L. & Pub. Pol'y (forthcoming Jan. 2001).

3. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

4. See *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993); *accord McQueen v. United States*, 897 F.Supp. 960, 962 (S.D.Tex.1995).