# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. LARRY MITCHEL WATSON

**Appeal from the Criminal Court for Cumberland County**
**No. 5509   Lillie Ann Sells, Judge**

---

**No. E2000-01923-CCA-R3-CD**
**September 11, 2001**

---

The defendant, Larry Mitchel Watson, appeals his conviction and sentence for felony reckless endangerment in the Cumberland County Criminal Court.  On appeal, the defendant argues that the evidence was insufficient to sustain his felony reckless endangerment conviction and that the trial court improperly sentenced him.   Because the jury was erroneously instructed on felony reckless endangerment as a lesser-included offense of aggravated assault, we reverse his conviction for that offense and remand the cause for a new trial in accordance with this opinion.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed; Remanded for New Trial.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

David Neal Brady, District Public Defender; Cynthia Lyons, Assistant Public Defender, for the appellant, Larry Mitchel Watson.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlan, Assistant Attorney General; William E. Gibson, District Attorney General; Anthony Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

        The Cumberland County Grand Jury indicted the defendant for one count of aggravated assault, a Class C felony, and one count of possession of methamphetamine with intent to sell or deliver, also a Class C felony.  After a trial, the jury convicted the defendant of felony reckless endangerment, a Class E felony, and simple possession of methamphetamine, a Class A misdemeanor.  The jury also recommended fines of $3000 for his felony reckless endangerment and $2500 for his simple possession conviction.  During the sentencing hearing, the trial court declined to apply any mitigating factors supplied by the defense.  The court did find, however, that

enhancement factors (1), (10) and (13) applied.[1] After a sentencing hearing, the court imposed sentences of two years, at Range I, for the felony reckless endangerment and eleven months, 29 days for simple possession, to run concurrently.[2]

On appeal before this court, the defendant raises three issues:

(1) The evidence was insufficient to support the conviction for felony reckless endangerment;[3]

(2) The trial court erred in failing to consider mitigating factors filed by the defense; and

(3) The trial court erred in applying certain enhancement factors to increase the sentence.

For the reasons that follow, we reverse the felony reckless endangerment conviction and remand for a new trial on the charge of simple assault.

On the night of April 14, 1999, the defendant and his cousin, Jason Frazier, went to the trailer home of Frazier's ex-girlfriend, Tammy, to retrieve Frazier's belongings. Concerned that Tammy's new boyfriend might appear and trouble ensue, the defendant stood "guard" outside the door of the trailer with his rifle and waited for Frazier to gather his belongings. After a time, the defendant went inside the trailer to find out what was taking his cousin so long. At this point, the defendant saw headlights coming up the driveway and shouted, "Come on, Jason. Let's go." The two men fled through the back door of the trailer, into the woods.

The headlights belonged to two Cumberland County Sheriff's Department deputies. The deputies, Jerry Jackson and Sergeant Rick Reed, were attempting to serve a domestic violence warrant on Frazier, and Reed had information that Frazier could often be found at this particular trailer home. Earlier in the evening, the deputies had tried unsuccessfully to serve the warrant on Frazier, and thus around 11:30 p.m., they returned to the trailer to attempt again to serve Frazier. The deputies were in their patrol cars but did not have their blue lights flashing.

Upon seeing the defendant and Frazier flee the trailer, the deputies gave chase. Reed pursued the first suspect, later identified as Frazier, while Jackson followed the second suspect whom he later was able to identify as the defendant. After chasing the defendant some fifteen to

---

[1] *See* Tenn. Code Ann. § 40-35-114(1), (10), (13) (1997).

[2] The defendant has been released from prison pursuant to his two-year determinate sentence.

[3] The defendant does not contest his conviction for simple possession.

twenty yards into the woods, Jackson heard an unidentified voice say to him, "Don't go this way, fellows, I don't want to have to shoot you." Jackson immediately turned on his flashlight to ascertain from where the voice was coming. In doing so, he saw the scope of a rifle lying on the ground. He testified that he saw only part of the scope, that he did not see a rifle but assumed one was attached, and that he did not see any person holding the scope. Jackson testified that he was terrified for his life at this point and turned off his flashlight. A moment later, Jackson heard gun fire and then return fire coming from his left in the direction where Reed had followed the other suspect.[4] Jackson held his position until back-up officers arrived.

After deputies from several other counties arrived to help search the woods, the defendant was found sitting in Frazier's vehicle about one-half mile from the woods. A Remington 423 rifle with a scope was found in his possession, and a pat-down search revealed that the defendant had 2.5 grams of methamphetamine in his possession. The defendant was arrested and charged with aggravated assault of Jackson and with possession of methamphetamine with intent to sell or deliver. He was later convicted of felony reckless endangerment and misdemeanor possession.

## I. Sufficiency of the Evidence

In his first issue, the defendant contends that the evidence is insufficient to support his conviction of felony reckless endangerment because it rests solely on Jackson's testimony that he saw the scope of a rifle laying on the ground. The defendant was indicted for aggravated assault, and the trial court charged the jury with attempted aggravated assault, felony reckless endangerment, and misdemeanor assault as lesser-included offenses of aggravated assault. The jury subsequently convicted him of felony reckless endangerment.

Felony reckless endangerment, we hold, is not a lesser-included offense of aggravated assault and cannot serve as the basis of a conviction pursuant to the aggravated assault charge. Accordingly, it is unnecessary to determine whether the evidence was sufficient to support this conviction.[5]

---

[4] The other suspect was later determined to be Jason Frazier. Frazier's body was found in the woods near where the shots were fired.

[5] Although not raised on appeal by either party, this court is obliged to address the issue of the erroneous instruction as a matter of plain error. Tenn. R. Crim. P. 52(b). In *State v. Adkisson*, 899 S.W.2d 626 (Tenn. Crim. App. 1994), our court set forth the following factors to consider when determining whether an error constitutes "plain error":

    (a) the record must clearly establish what occurred in the trial court;
    (b) a clear and unequivocal rule of law must have been breached;
    (c) a substantial right of the accused must have been adversely affected;
    (d) the accused did not waive the issue for tactical reasons; and
    (e) consideration of the error is "necessary to do substantial justice.

*Id*. at 641-42. Clearly, before an error may be recognized pursuant to Rule 52(b), Tennessee Rule Criminal Procedure, the error must be "plain" and it must affect a "substantial right" of the accused. *Id*. Having determined that it was error for the trial court to instruct the jury on felony reckless endangerment as a lesser-included offense of aggravated assault,

(continued...)

This court has previously determined that under the principles for determining lesser-included offenses announced in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), felony reckless endangerment is not a lesser-included offense of aggravated assault. *State v. Michael P. Healy*, No.W1999-01510-CCA-R3-CD (Tenn. Crim. App., Jackson, June 26, 2001). Relying on a dissenting opinion of one member of this court in a prior case, the *Michael P. Healy* panel noted:

> [Aggravated assault] has a result-of-conduct aspect in that it focuses on the victim being placed in fear of imminent bodily injury . . . .
> On the other hand, felony reckless endangerment is defined as engaging in conduct committed with a deadly weapon which places or may place another person in imminent danger of death or serious bodily injury. It focuses--by its terms--upon the conduct that causes a risk of harm, not the harm itself. Those within the zone of danger need not even be aware that the threat exists . . .
> Thus, one may commit the offense of aggravated assault by causing fear of bodily injury while using or displaying a weapon without committing the offense of felony reckless endangerment. Likewise, one may commit the offense of felony reckless endangerment without committing the offense of aggravated assault by causing fear. In other words, neither offense covers the range of conduct or result of the other. This means that neither offense is included in the other.

*Id*., slip op. at 4 *(quoting State v. Ralph Dewayne Moore*, No. E1999-02743-CCA-R3-CD (Tenn. Crim. App., Knoxville, Oct. 30, 2000) (Tipton, J., dissenting)).[6]

The *Michael P. Healy* court then concluded that because the elements of reckless endangerment are not included in the elements of aggravated assault and because the elements do not differ only with respect to the degree of harm or the applicable mental state, felony reckless endangerment is not a lesser-included offense of aggravated assault. *Id.,* slip op. at 4. We agree with the holding in *Michael P. Healy* and conclude that, in the present case, the conviction offense of

---

[5](...continued)

we conclude that the defendant's rights were substantially affected as required by *Adkisson.*

[6]The *Burns* opinion had been released at the time of trial in this case. We acknowledge that there is post-*Burns* caselaw from this court which might support a conclusion that felony and misdemeanor reckless endangerment are lesser-included offenses of aggravated assault. It should be noted, however, that none of that caselaw engaged in a *Burns* analysis to determine specifically whether felony and misdemeanor reckless endangerment are lesser-included offenses of aggravated assault. *See, e.g., State v. Jake Christopher Reynolds,* No. M2000-00210-CCA-R3-CD (Tenn. Crim. App., Nashville, May 23, 2001); *State v. Christopher Bengtson*, No. E1999-01190-CCA-R3-CD (Tenn. Crim. App., Knoxville, Oct. 2, 2000).

reckless endangerment was not a lesser-included offense of the charged offense of aggravated assault.

In criminal prosecutions, the accused has a right to fair and reasonable notice of the charges to be defended. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Because of the defendant's constitutional right to notice, he "may be convicted only of a crime which is raised by the indictment or which is a lesser-included offense thereof." *State v. Guy William Rush*, __ S.W.3d __, __, No. E1998-00592-SC-R11-CD, slip op. at 7 (Tenn., Knoxville, Apr. 6, 2001); *see Hagner v. United States*, 285 U.S. 427, 431, 52 S. Ct. 417, 419 (1932). In *Guy William Rush*, the defendant was indicted for attempted second degree murder but was convicted of reckless aggravated assault. *Guy William Rush,* __ S.W.3d at __, slip op. at 4-5. The *Rush* court determined that reckless aggravated assault is not a lesser-included offense of attempted second degree murder, and because the defendant was not indicted for reckless aggravated assault, the court reversed his conviction and remanded for a new trial on any remaining lesser-included offenses (1) that were not charged to the jury or (2) that were charged and are lesser offenses than reckless aggravated assault. *Id.*, __ S.W.3d at __, slip op. at 4-5.

The jury in this case acquitted the defendant of aggravated assault and attempted aggravated assault. That acquittal bars further prosecution for those crimes. *See Guy William Rush*, __ S.W.3d at __, slip op. at 20 (*citing State v. Maupin*, 859 S.W.2d 313 (Tenn. 1993)). Upon retrial, the defendant is entitled to a new trial on any lesser-included offense of aggravated assault (1) that was not originally charged to the jury or (2) that was charged but is a lesser offense than felony reckless endangerment. The only offense which meets these criteria is misdemeanor assault.[7]

Before we remand the case for a new trial on assault, however, we must determine whether there was sufficient evidence in the trial below to sustain a charge of misdemeanor assault. If the evidence presented was insufficient to support a conviction on assault, then that charge -- and effectively the case as a whole -- must be dismissed.

In order to assess the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence to support a charged offense, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990)). We are required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

---

[7]In *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), the supreme court outlined a test to determine whether one offense is a lesser-included offense of another. The *Burns* test provides in relevant part that an offense is a lesser-included offense if "all of its statutory elements are included within the statutory elements of the offense charged." *Id.* at 466. One of the elements of aggravated assault is an assault. *See* Tenn. Code. Ann. § 39-13-102 (1997) (a person commits aggravated assault by committing "an assault as defined in § 39-13-101," coupled with at least one aggravating circumstance being present); *Id.* § 39-13-101 (defining assault, a misdemeanor offense). Thus, assault is a lesser-included offense of aggravated assault. *See Burns*, 6 S.W.3d at 466.

Assault is defined as "(1) Intentionally, knowingly or recklessly caus[ing] bodily injury to another;  (2) Intentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury; or  (3) Intentionally or knowingly caus[ing] physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative."  Tenn. Code Ann. § 39-13-101 (1997).  Subsections (1) and (3) are not applicable because there is no evidence that Jackson suffered any bodily injury nor that he experienced any physical contact with the defendant.

Subsection (2), however, is applicable because reasonable minds could accept that the defendant caused Jackson "to reasonably fear imminent bodily injury" when he threatened the deputy and/or when the deputy saw the scope of the rifle laying on the ground as was charged in the indictment for aggravated assault. *See id.* § 39-13-101(a)(2). The testimony of Jackson that he "was in fear for [his] life" when he heard the defendant's threat and saw the scope of the rifle laying on the ground supports this conclusion.  The evidence was sufficient to support a conviction of assault, had the jury not pretermitted its consideration of the offense by finding the defendant guilty of felony reckless endangerment.

Accordingly, rather than dismissing the pending charge of assault, the case must be remanded to the trial court for a new trial on this charge.

## II. Improper Sentencing

As a second issue, the defendant claims that he was improperly sentenced by the trial court.  Pursuant to Tennessee Code Annotated section 40-35-112(a)(5), the defendant received the maximum sentence of two years as a Range I offender. The defendant contends the trial court improperly or erroneously applied enhancement factors and that the trial court erred when it declined to accept the mitigating factors the defense presented.  Because we have determined that his conviction should be reversed and the cause remanded for a new trial on a misdemeanor charge, it is unnecessary for us to address all the sentencing issues raised by the defendant.  However, we are compelled to comment briefly on the application of enhancement factor (13). *See* Tenn. Code Ann. § 40-35-114 (13) (Supp. 2000).

The defendant contends that the trial court erroneously applied enhancement factor (13) that the felony was committed while the defendant was on probation.  We agree.  During the sentencing hearing, the trial court "put[] a great deal of weight on . . ." the presumed fact that the defendant committed the felony while he was on probation for another felony conviction.  There is nothing in either the original or amended presentence reports to indicate that the defendant was on any type of release status, probation or otherwise.  There is also no indication in either of these reports that the defendant had any prior felony convictions for which he was on probation to activate enhancement factor (13).  Thus, this enhancement factor should not have been applied.

In conclusion, because we determine that the conviction offense of felony reckless endangerment is not a lesser-included offense of aggravated assault, we reverse the conviction and remand this cause for new trial in accordance with this opinion.

_____
JAMES CURWOOD WITT, JR.,  JUDGE