HAGNER ET AL. *v.* UNITED STATES.

No. 590. Argued March 14, 1932.—Decided April 11, 1932.

*Mr. Wm. E. Leahy,* with whom *Messrs. Lucien H. Vandoren* and *Wm. J. Hughes, Jr.,* were on the brief, for petitioners.

*Solicitor General Thacher,* with whom *Messrs. Whitney North Seymour, Erwin N. Griswold,* and *Wm. H. Riley, Jr.,* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Petitioners were indicted in the Supreme Court of the District of Columbia under § 215 of the Criminal Code, U. S. C., Title 18, § 338, which provides:

" Whoever, having devised or intending to devise any scheme or artifice to defraud, . . . shall, for the purpose of executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter, . . . in any post-office, . . . to be sent or delivered by the post-office establishment of the United States, . . . *or shall knowingly cause to be delivered by mail according to the direction thereon,* . . . any such letter, : . . . shall be fined not more than $1,000, or imprisoned not more than five years, or both."

The indictment charges that petitioners devised and intended to devise a scheme and artifice to defraud the Merchants' Transfer and Storage Company out of its money and property in manner and form set forth; and that " for the purpose of executing said scheme and artifice, on, to wit, April 19, 1927, did place and cause to be placed in the Post Office at the City of Scranton, in the State of Pennsylvania, to be sent and delivered by the Post Office establishment of the United States of America, to the addressee thereof, three certain accounts enclosed in a certain envelope addressed to Merchants' Transfer and Storage Company, 920 E Street, N. W., Washington, D. C."

Petitioners were arraigned, entered pleas of not guilty, and went to trial without challenging the sufficiency of the indictment or the jurisdiction of the court to hear and determine the case. They were found guilty by a jury, and thereupon moved in arrest of judgment upon the ground that the indictment failed to charge any offense within the jurisdiction of the court. The motion was overruled, and petitioners sentenced to pay a fine and

undergo a term of imprisonment. Upon appeal the judgment was affirmed by the court below. 60 App. D. C. 335; 54 F. (2d) 446.

The contention is that the indictment charges no offense committed in the District of Columbia, but only an offense committed in Pennsylvania; and, assuming this to be true, that the Supreme Court of the District of Columbia was without jurisdiction. Undoubtedly, the indictment is adequate to charge an offense committed in Pennsylvania; but the question first to be considered is whether upon this record and upon a motion in arrest of judgment, the indictment may be sustained as also sufficient to charge an offense committed within the District of Columbia. The record brought here does not contain the evidence or any of the trial proceedings. We have before us only the indictment, the fact that petitioners were arraigned, entered pleas, were convicted and sentenced, the motion in arrest of judgment and the order of the court overruling it, together with the formal docket entries relating thereto.

The defect said to exist is that the indictment fails to allege specifically that petitioners did " cause [the letter] to be delivered by mail according to the direction thereon." Obviously, in this particular, the indictment does not precisely follow the terms of the statute, but it does allege that the letter was deposited in a post office so addressed as to constitute a direction for its delivery to the addressee at a particular place in the District of Columbia. The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed. *Rosenthal* v. *Walker*, 111 U. S. 185, 193. And the fact that receipt of the letter subjects the person sending it to a penalty does not alter the rule. *Id.*, p. 194. If the indictment had alleged actual delivery of the letter in

question, the case for the government in this particular would have been made out by proof that the letter thus directed had been placed in the post office for transmission. The burden then would have been cast upon petitioners to show the contrary.

While, therefore, the indictment does not in set terms allege delivery of the letter, a presumption to that effect results from the facts which are alleged. In *Ball* v. *United States,* 140 U. S. 118, 133, 136, it was held that an indictment for murder which fails to allege the time of the death is fatally defective, since to constitute murder it is necessary that death shall occur within a year and a day from the time of the fatal stroke. But it appearing that the indictment then under consideration had been returned less than a year from the day of the assault, the court did not consider the objection fatal to the indictment in this particular, notwithstanding the absence of an allegation of the time of death.

The rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, " and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Cochran and Sayre* v. *United States,* 157 U. S. 286, 290; *Rosen* v. *United States,* 161 U. S. 29, 34.

Section 1025 Revised Statutes (U. S. C. Title 18, § 556) provides:

" No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or

other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

This section was enacted to the end that, while the accused must be afforded full protection, the guilty shall not escape through mere imperfections of pleading. We refer to a few of the many cases where the provision has been applied.

In *Grandi* v. *United States,* 262 Fed. 123, 124, the indictment charged the defendant with the receipt and possession of goods knowing they had been stolen from part of a shipment in interstate commerce, but failed to charge that the goods were in fact so stolen. A motion to quash had been denied, on the ground that the defendant could not have been misled to his prejudice. The court said— " The charge that defendant knew the goods to have been stolen naturally implies that the goods had been in fact stolen. The verdict should not be reversed on account of a defect so obviously technical and unsubstantial." An indictment under the Espionage Act, which denounces certain acts when the United States is at war, has been upheld notwithstanding a failure to allege that when the acts were committed the United States was at war, on the ground that the courts would take judicial notice of that fact. *Stephens* v. *United States,* 261 Fed. 590; *Bouldin* v. *United States,* 261 Fed. 674. An indictment for seditious conspiracy under Section 6 of the Criminal Code must charge that the conspiracy involved an intent to use force; but where the overt act was alleged, with the intent of engaging in armed hostility against the United States by attacking with force and arms, the original intent was necessarily implied and the indictment was sustained notwithstanding the lack of the specific allegation, since otherwise effect, fatal to the indictment, would be given to a mere imperfection in matter of form, not tending to the prejudice of the defendant. *Phipps* v. *United States,* 251

Fed. 879, 880. Omission from an indictment, drawn under the section of the Criminal Code now under consideration, of a specific allegation that the letter was "to be sent or delivered by the post office establishment" was not considered prejudicial where the indictment sufficiently alleged that the letter was placed in the post office properly addressed. *Olsen* v. *United States,* 287 Fed. 85, 90. See also *Cohen* v. *United States,* 294 Fed. 488, 490; *Gay* v. *United States,* 12 F. (2d) 433, 434; *Musey* v. *United States,* 37 F. (2d) 673, 674.

It, of course, is not the intent of § 1025 to dispense with the rule which requires that the essential elements of an offense must be alleged; but it authorizes the courts to disregard merely loose or inartificial forms of averment. Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment.

In the absence of the evidence and the charge of the court, we are free to assume that every essential element of the offense was sufficiently proved and that the question as to the delivery of the letter was submitted under appropriate instructions to the jury. The contrary of neither of these propositions is asserted. The indictment in the particular complained of is loosely and inartificially drawn and is not to be commended, but upon the record before us, and without deciding that the indictment would not have been open to some form of challenge at an earlier stage of the case, we are of opinion that after verdict it is not vulnerable to the attack here made upon it. *Dunbar* v. *United States,* 156 U. S. 185, 191 *et seq.* Compare *Pierce* v. *Creecy,* 210 U. S. 387, 401-2; *Ex parte Pierce,* 155 Fed. 663, 665; *United States* v. *Barber,* 157 Fed. 889, 891.

In view of this conclusion, it becomes unnecessary to consider the further question whether the trial court had

jurisdiction to try the indictment, if construed as charging the commission of an offense only in Pennsylvania.

*Judgment affirmed.*