## MARSHALL v. UNITED STATES.
### No. 10670.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1944.

Elmo P. Lee, Jr., of Shreveport, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, William Richard Marshall, was convicted and sentenced for wilful failure to perform a duty as a registrant under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. Count One specified that on August 17, 1942, he "did then and there fail and neglect to report and submit himself for physical examination when notified to do so by Selective Service Local Board No. 1 of Shreveport, Louisiana." Count Three specified that on January 27, 1943, he "did then and there fail and neglect to report for a blood test when notified to do so by Selective Service Board No. 1, of Shreveport, Louisiana." These counts were demurred to, first because they did not state how the accused was notified.

■ It is argued that the Regulations, Section 641.3, in requiring a registrant to keep his Local Board informed of his mailing address and charging him with notice of communications sent to the address he gives, and especially Section 623.31 which requires the Local Board to mail to the registrant a notice to appear for physical examination fixing a date, time and place, and Section 623.42 requiring the mailing of a like notice when the registrant is to be referred to another Local Board for physical examination only, and Section 642.1 as to mailing notice of delinquency, all indicate that the mail is the only means of effectual notice from the Local Board to the registrant. On the other hand Section 641.-5 provides that the Classification Record shall be open to public inspection at the Local Board's office, and that entries on it shall constitute due legal notice to a registrant and all other interested persons. The evidence in this case as to the third count shows merely notices by telephone and oral communications. The demand to know in advance of trial what sort of notice was to be relied on was not an idle one. The information should, however, more properly have been sought by request for a bill of particulars than by a demurrer. We do not think the details as to what proof of notice would be offered need appear in an indictment. Under 18 U.S.C.A. § 556 an indictment may not be deemed insufficient for an imperfection in matter of form only, not tending to the prejudice of the defendant. The test is not whether the indictment could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged and apprises the defendant of what he must be prepared to meet, and so identifies the offense as to protect against another prosecution therefor. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861. And another statute, 28 U.S.C.A. § 391, requires a reviewing court to "give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." We think this indictment alleged the essentials of the offense though charging a notification without saying how it was accomplished, and the district judge did not err in so ruling. We think further that if there was error, it turned out on the trial to be technical and without prejudice to appellant in that there was no doubt whatever as to how notice was given: By mail as to the first count, and by telephone and word of mouth as to the third. The appellant was not embarrassed or surprised in any way.

■ The third count was further demurred to on the ground that the registrant was under no duty to appear for a blood test, the Regulations providing for only one general physical examination. While it is true that a general physical examination is provided for by Section 623.-33, the blood test is mentioned as a necessary part of it. We are of opinion that the registrant is, when notified, bound to complete the examination. If the blood test is not had on his first appearance, or needs to be repeated, the Local Board may require him to appear for a blood test only. This demurrer was properly overruled.

On the trial it was proven without substantial dispute that appellant was notified by mail to appear on Aug. 17, 1942, for a physical examination, and wilfully did not appear. He was sent delinquency notices and was reported to the District Attorney for prosecution. The District Attorney, after conference with appellant, recommended to the Local Board that another date be fixed for the examination, and January 1, 1943, was fixed, and the appellant notified of it personally. He did not appear, but his mother by telephone advised the Clerk of the Local Board of an emergency excuse, and his appearance went over for two days. Appellant then appeared at the Board's office and was given

by the Clerk examination blanks, attached to which was a "pink slip" on which the result of the blood test was to be reported, and he was sent to Dr. Wilson. The doctor examined him except as to the blood, tore off the pink slip and gave it to appellant and told him to go "some Wednesday" to the city health clinic for a blood test there. Appellant expressed himself as dissatisfied at the delay, and he did not go. He was reported again to the District Attorney. He finally took the blood test some weeks later, but the District Attorney caused him to be indicted.

 Appellant here admits that his conviction may be upheld under the first count unless the District Attorney is held to have condoned the offense by requesting and obtaining another opportunity for the examination. We are of opinion that the offense of wilfully failing to appear on August 17 was complete at that time. The Local Board reported it for prosecution, and could not thereafter control it. The Regulations, Section 642.5, require after report of a delinquency to the District Attorney, that if the delinquent offers to comply, the District Attorney shall be notified and given the full facts; "The decision of whether such a delinquent shall be prosecuted * * * rests entirely with the United States District Attorney." "If it is determined that the delinquency is not wilful, or that substantial justice will result, the local board should encourage the delinquent to comply with his obligations under the law, and if he does so, or appears to do so, should urge that any charge of delinquency against him or any prosecution of him for delinquency be dropped." If we suppose that the criminal sanctions of the Selective Service Act could be modified or abrogated by executive regulation, we do not think this has been done. The Regulation quoted leaves the District Attorney in control of delinquency prosecutions to the same extent as in other criminal cases. The Regulation deals only with the attitude of the local boards, suggesting that in many cases it is better to put the delinquent into the Army than into prison. Probably this would have been done as to appellant had he promptly done what was required of him when given a second chance. But the giving him the second chance was not a final condonation. The District Attorney did not, if he could, set aside the former offense thereby. There was no legal obstacle to resuming the prosecution if he thought it his duty. The conviction on the first count must stand.

 As to the third count, we think it not proven. The evidence does not show that the Local Board ever notified appellant to appear anywhere on Jan. 27, 1943, for a blood test. Assuming that the clerk's fixing Jan. 21 as a new date for general physical examination and notifying him of it and his appearing for it put the duty into effect to complete it, it was Dr. Wilson who then failed to complete it. It was he, and not the Board, who very informally and vaguely notified appellant to appear somewhere else on some later Wednesday for a blood test. The Local Board took no such action as alleged in the Count. The motion for directed verdict should have been granted as to this count.

The conviction and sentence on Count One are affirmed. The verdict on Count Three is set aside, and the cause is as to that Count remanded for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part.