**UNITED STATES v. WALDIN.**

Cr. No. 17093.

United States District Court,
E. D. Pennsylvania.

July 29, 1954.

W. Wilson White, U. S. Atty., Francis Ballard, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Benjamin R. Donolow, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant was indicted under Section 281 of Title 18 of the United States Code, which provides in pertinent part:

"Whoever, being * * * [an] officer or employee of the United States or any department or agency thereof, directly or indirectly receives or agrees to receive, any compensation for any services rendered or to be rendered, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United States is a party or directly or indirectly interested, before any department, agency, court martial, officer, or any civil, military, or naval commission, shall be fined * * *."

Count 1 of the indictment reads as follows:

"That on or about the seventh day of October, 1949, at Philadelphia in the Eastern District of Pennsylvania, the defendant, Ernest T. Waldin, then and there being a Zone Deputy Collector of the Office of the Collector of Internal Revenue for the First Collection District of Pennsylvania, Treasury Department of the United States, duly appointed and acting under the authority of the Revenue Laws of the United States, received the sum of $20,000.-00 from one Francesco Mogavero as compensation for services to be rendered by *the said Ernest T. Waldin* in relation to an investigation then being conducted by the Treasury Department of the United States as to alleged delinquencies in the payment of income taxes by the said Francesco Mogavero to the United States for the Calendar Years 1942 to 1947, inclusive; in violation of

Title 18 U.S.C. Section 281." (Italics added.)

The remaining two counts differ from Count 1 only as to the words which I have italicized therein. In Count 2 the word "others" and in Count 3 the words "the said Ernest T. Waldin and others" are used in lieu of "the said Ernest T. Waldin", which are the words I have italicized in Count 1.

A motion to dismiss the indictment on the ground that the statute of limitations barred the prosecution was denied and the defendant entered a plea of not guilty.

Defendant has filed a second motion to dismiss, this time on the ground that the indictment does not state facts sufficient to constitute an offense against the United States. Defendant contends that the three counts of the indictment are defective under 18 U.S.C. § 281 because they fail to allege that the services involved were to be rendered "before any department, agency, court martial, officer, or any civil, military, or naval commission". On the other hand, the Government contends that an indictment under 18 U.S.C. § 281 need not allege specifically before what department or agency the services in question were to be rendered.

■ The legislative history of the statute clearly indicates that the purpose or intention of Congress in including the "before any department" phrase was to protect the right of members of Congress and Governmental officers and employees, if otherwise qualified, to appear as counsel before judicial tribunals as distinguished from executive departments, administrative agencies, and courts-martial. In the course of the debate on the bill which later became the Act in question, Senator Trumbull stated before the Senate:

"By the subsequent provisions of the bill it will be seen that, as the committee report it, they propose to restrain members of Congress and Clerks in the departments and heads of bureaus from receiving a compensation from any person for doing any business before any department or any commission or anywhere else except in the judicial tribunals of the country. The bill, as reported by the committee does not prohibit members of Congress from practicing in the courts of the country, but it does prohibit them from appearing before courts-martial, commissions, departments, bureaus, or anywhere else for a fee or consideration received from any one." [1]

Senator Trumbull later explained:

"This is not a bill to prevent attorneys from practicing in courts of law, but it is a bill to prevent Representatives and Senators in Congress and officers of the Government who are paid for their services from receiving a compensation for advocating claims in the Departments and before the bureaus of the Government, and before courts-martial." [2]

The importance to the Act of the phrase beginning "before any department" is clearly seen from this legislative history. An allegation of the specific Government department or agency before or in which the services are to be rendered is an essential element of an offense under the Act. Defendant in the present case has been indicted for receiving compensation "for services to be rendered by * * * [him and/or others] in relation to an investigation then being conducted by the Treasury Department of the United States as to the alleged delinquencies in the payment of taxes by * * * Francesco Mogavero * * * for * * * 1942 to 1947, inclusive * * *" The indictment does not allege what specific Government department or agency, if any, the services were to be rendered before. It is possible (at least as a matter of logic) that defendant's services were to be rendered before a judicial court. If they were, the de-

---

1. Cong.Globe, Pt. 1, 38th Cong., 1st Sess., 555 (1864).

2. Cong.Globe, supra at 561.

fendant would have committed no crime under the Act in question. If defendant were a lawyer and had agreed to represent Mogavero in a judicial proceeding, perhaps his conduct would constitute an offense under some other statute and undoubtedly a violation of the civil service regulations, but his conduct would not constitute a crime under the statute involved in the present case.

My conclusion as to the correct manner of reading and construing the statute is supported by Burton v. United States, 202 U.S. 344, 365, 26 S.Ct. 688, 692, 50 L.Ed. 1057, where the United States Supreme Court in discussing the statute[3] in effect construed it as though the phrases had been rearranged, saying:

> "But we cannot doubt the authority of Congress by legislation to make it an offense against the United States for a senator, after his election and during his continuance in office, to agree to receive or to receive compensation for *services to be rendered or rendered to any person, before a department of the government*, in relation to a proceeding, matter, or thing in which the United States is a party or directly or indirectly interested." (Italics added.)

Furthermore, no case has been brought to my attention in which there was an indictment under the present statute which failed to allege the specific department or agency before which the unlawful services were rendered or to be rendered.

An indictment is required to set forth the elements of the offense sought to be charged. "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged * * *." Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861; United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113.

The present indictment being defective in that it does not contain an essential element of the crime intended to be charged, defendant's motion to dismiss the indictment will be granted.

And Now, July 29, 1954, in accordance with the foregoing opinion, defendant's motion to dismiss the indictment is hereby granted and the indictment is hereby dismissed.

3. More accurately stated, the Supreme Court construed Section 1782 of the Revised Statutes, 13 Stat. 123, c. 119, a predecessor of 18 U.S.C. § 281. With respect to the language in question in the present case, the wording of the old act is almost identical with that of the present statute.