IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION

FILED

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIE D. LOCUST, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9512-CC-00356 |
| | ) | |
| | ) | Dyer County |
| v. | ) | |
| | ) | Honorable Joe G. Riley, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

## CONCURRING OPINION

I concur in the results and most of the reasoning in the majority opinion. I write separately because I believe that State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. June 20, 1996), app. granted (Tenn. Jan. 6, 1997), reflects the proper analysis of the traditional charging instrument requirements in Tennessee in light of the 1989 criminal code changes by which the culpable mental state is made a material element of any offense for which the offense statute does not negate the need for a mens rea. See T.C.A. §§ 39-11-201(a) and -301(b).

The requirement for all the material elements to be alleged in the indictment is not solely based upon notice and double jeopardy protections.

> The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 419 (1932) (emphasis added) (noting that the "rigor of old common-law rules of criminal pleading" had yielded

to such a test). Obviously, the United States Supreme Court viewed the material elements requirement to exist separately from the other requirements. For example, the constitutional protection of the right to grand jury consideration of whether sufficient evidence exists to warrant indictment or presentment, necessarily implied in Article I, Section 14 of the Constitution of Tennessee, is left in doubt when the indictment does not contain all of the material elements required to prove the offense.

However, the failure of the indictment in this case to contain an express allegation of the mens rea does not mean that the indictment is insufficient. "Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment." Hagner, 285 U.S. at 433, 52 S. Ct. at 420; State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993). The indictment in the convicting case alleged that the Appellant "unlawfully, and with force or coercion, did sexually penetrate . . . the victim, while armed with a weapon . . . ." These allegations of force and coercion necessarily contain a level of awareness regarding the sexual penetration that reflects it to be an intended act. See State v. John Haws Burrell, No. 03C01-9404-CR-00157, Anderson County (Tenn. Crim. App. Feb. 11, 1997), applic. filed (Tenn. Apr. 10, 1997). Therefore, the indictment was sufficient.

_____
Joseph M. Tipton, Judge

2