# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 20, 2000 Session

## STATE OF TENNESSEE v. PETER GEORGE CREHAN

### Appeal from the Criminal Court for Robertson County
### No. 98-0057     Robert W. Wedemeyer, Judge

### No. M1999-02542-CCA-R3-CD - Filed November 7, 2000

The defendant was convicted by a Robertson County jury of driving under the influence ("DUI"), third offense, and reckless driving.[1]  Defendant claims on appeal that the trial court erred by (1) sustaining his conviction for DUI, third offense, despite the indictment's failure to allege the specific court in Davidson County where he received his two prior DUI convictions; and (2) the evidence was insufficient to sustain his conviction for reckless driving.  After a through review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Charles S. Bloodworth, Assistant Public Defender (at trial); and Thomas L. Whiteside (on appeal), Nashville, Tennessee, for the appellant, Peter George Crehan.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; B. Dent Morris and Joel W. Perry, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The defendant was convicted of DUI, third offense, and reckless driving by a Robertson County jury.  Defendant claims that his convictions should be overturned because:

---

[1]Although the trial court's judgment shows defendant pled guilty to reckless driving, the jury's verdict form shows that defendant was found guilty by the jury.

(1)  the indictment was defective due to the state's failure to allege the specific court in Davidson County where he received the two prior DUI convictions, which were used to enhance his offender status; and

(2) the evidence was insufficient to convict him of reckless driving.

After careful review of the record, we affirm the judgment of the trial court.

## I.  FACTS

There was no verbatim transcript filed.  We glean the following facts from the Statement of Evidence submitted by defendant.

As defendant passed four fully-loaded tobacco tractors, he met Troopers Bill Miller and Tony Wilson at the bottom of a small hill.  Both troopers were traveling in separate cruisers in the opposite direction of defendant.  Defendant's vehicle was clocked using a radar speed detection device at 76 miles per hour in a 55 miles per hour speed zone.  Both troopers turned their vehicles around for the purpose of citing defendant.  Within three-tenths of a mile from where the troopers turned their vehicles, they found defendant's vehicle amidst a fury of dust in the Quick Stop Market gravel parking lot.  The driver's door was ajar, and defendant was not inside the vehicle.

The troopers proceeded inside the market where they found defendant.  Defendant smelled of alcohol and urine, so they escorted defendant outside.  He refused to submit to a breath alcohol test and performed poorly on field sobriety tests.  The officers concluded that he was driving under the influence of an intoxicant.

Defendant testified that he drank four beers six hours earlier at lunch, but because he was landscaping, he drank four gallons of water during the six hours preceding his arrest.  He denied that he was under the influence of alcohol.

## II.  TIMELINESS OF APPEAL

The state contends that defendant's appeal should be dismissed because the convictions and sentences were entered on September 16, 1999; no motion for new trial was filed; and defendant filed notice of appeal on November 3, 1999.  Although the state is correct in its assertion that defendant failed to file a timely notice of appeal, we waive this requirement and reach the merits of this case.  *See* Tenn. R. App. P. 4(a).

## III.  INDICTMENT

Defendant claims that the indictment is insufficient because the state failed to allege the name of the specific court where he received the two prior DUI convictions.  However, the Statement of the Evidence reveals that defendant stipulated to the existence of his two prior DUI convictions.  Regardless, defendant's argument is without merit.

The grand jury found, in the first count of the indictment, that "the defendant has previously been convicted of driving under the influence as follows: two convictions on April 21, 1993, both in Davidson County, Tennessee."  Defendant claims his conviction is void because there are eight possible courts in Davidson County that have jurisdiction to convict DUI offenders, and the indictment failed to specifically name which court convicted defendant.  The relevant statute states, "[i]n the prosecution of second or subsequent offenders, the indictment or charging instrument must allege the prior conviction or convictions ... *setting forth the time and place of each prior conviction or convictions*."  Tenn. Code Ann. § 55-10-403(g)(2) (emphasis added). Although defendant concedes that "Davidson County" is a place, he argues that the aforementioned statute's reference to "place" requires the name of the specific court to be included in the indictment.

This court has previously addressed this issue in State v. Danny W. Solomon, C.C.A. No. 03C01-9511-CC-00375, 1996 WL 523830 (Tenn. Crim. App. filed September 17, 1996, at Knoxville), *perm. to app. denied* (Tenn. March 10, 1997).  In Solomon, as in the case at bar, the indictment did not allege the specific court of the first conviction.  We held:

> It is well settled that an indictment is sufficient if it (1) gives notice of the offense with which the defendant is charged;  (2) enables the court to enter a proper judgment; and (3) describes the offense so as to allow the accused to raise a plea of former jeopardy.  State v. Davis, 748 S.W.2d 207 (Tenn.Crim.App.1987); *see also* Hagner v. United States, 285 U.S. 427 (1932).  Therefore, it is not necessary that an indictment follow a specific form or contain specific language.  We therefore hold that the *mere failure of an indictment seeking enhanced punishment to allege by name the prior convicting court does not in and of itself render the indictment defective*, if it otherwise comports with the tenets above.

*Id.* at *2 (emphasis added).  We see no reason to deviate from this holding.  Furthermore, if defendant had uncertainties about the specific courts, he could have filed a bill of particulars. *See* Tenn. R. Crim. P. 7(c).

Accordingly, we hold that the language in count one of defendant's indictment complied with Tenn. Code Ann. § 55-10-403(g)(2), and it gave defendant sufficient notice.

## IV. SUFFICIENCY OF THE EVIDENCE

Defendant's second claim of error is that the evidence was insufficient to convict him of reckless driving. Defendant contends that the only evidence presented at trial was the speed that he traveled, and he argues that speed alone is not sufficient to sustain a conviction of reckless driving. *See* State v. Christopher Brown, No. 03C01-9707-CR-00304, 1998 WL 429633 (Tenn. Crim. App. filed July 30, 1998, at Knoxville).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

We conclude that the evidence was sufficient to support a conviction for reckless driving. In late afternoon, defendant passed four tobacco tractors carrying full loads. He was clocked at a speed of 76 miles per hour in a zone where the maximum legal speed is 55 miles per hour. Within three-tenths of one mile from where the troopers turned to pursue defendant, they found defendant's vehicle at the Quick Stop Market amidst a cloud of dust in the gravel parking lot. Taking these facts in conjunction with defendant's excessive speed, we hold there was sufficient evidence for the reckless driving conviction.

## V. CONCLUSION

Based on our review of the record, we conclude: (1) the indictment sufficiently described the court where the prior convictions occurred; and (2) there was sufficient evidence to support defendant's conviction for reckless driving. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE