**Yvonne L. RENDINA, Appellant,**

v.

**Robert NORTHROP and Julia Northrop, Appellees.**

No. 1:08–CV–222.

United States Bankruptcy Court, D. Vermont.

Dec. 29, 2008.

*RULING ON APPEAL*
*OF BANKRUPTCY*
*COURT ORDER*

J. GARVAN MURTHA, District Judge.

I. *Introduction*

Debtor Yvonne L. Rendina appeals an order of the Bankruptcy Court sustaining creditors Robert and Julia Northrop's objection to the discharge granted to Ms. Rendina and awarding the sum of $109.23. (Paper 2.) The trustee in the Chapter 13 case, though not filing a notice of appeal, also filed a brief in support of the debtor-appellant. (Paper 3.) The creditor-appellees did not file an opposing brief.

II. *Background*

Debtor filed for relief under Chapter 13 in 2003. She listed Robert Northrop as a

general unsecured creditor and provided his correct address, to which all required notices were sent by the Bankruptcy Noticing Center. Debtor's proposed plan was confirmed by the Bankruptcy Court and she made her final payment in September 2007. The Northrops did not file a proof of claim and therefore did not share in the distribution under the plan. In March 2008, the trustee filed a final report and the court issued an Order Discharging Debtor. In April, the Northrops filed an objection to the discharge, following their receipt of a copy of the discharge order. The Northrops alleged they did not receive notice of debtor's bankruptcy proceeding in 2003 and that their receipt of the discharge order in 2008 was the first they heard of it. The Northrops also alleged that if they had received notice of the bankruptcy, they would have participated.

The Bankruptcy Court held two hearings at which it probed the Northrops' claim. Mr. Northrop testified that he was in the hospital at the time the first bankruptcy notice was mailed. He stated he had never failed to receive mail before and inferred that he did not receive the mailing because the debtor removed it from his mailbox, though he had no evidence supporting this assertion. Debtor filed an affidavit affirming that she did not remove anything from the Northrops' mailbox.

The Bankruptcy Court issued an order in October 2008, describing the issue as follows: "The quandary is whether the claim should be discharged because the debtor fulfilled her statutory duty by listing it, or excepted from discharge because the creditor, by no fault of his own, did not receive notice." (Paper 1, Exh. 14 (Order) at 2.). The court found: (1) there was a presumption of delivery because the certificates of service affirm that notice of the bankruptcy was sent to the Northrops' correct address; (2) the presumption was

rebutted by Mr. Northrop's testimony that he did not receive the notice; and (3) if Mr. Northrop had received notice, he would have endeavored to file a timely proof of claim. *Id.* at 3. The court noted that no statutory basis existed to grant Mr. Northrop an exception from discharge because "the Debtor did all that was required to ensure that he receive proper notice." *Id.* However, the court "deem[ed] it appropriate to fashion an equitable remedy that [took] into account that neither party failed to meet their duty under the Bankruptcy Code." *Id.* Accordingly, the court deemed the Northrops' objection to be a proof of claim and excepted from discharge the sum of $109.23, the amount the court calculated they would have received had they participated in the bankruptcy proceeding. *Id.*

## III. Appeal

### A. Standard of Review

■■■■ In reviewing a bankruptcy court decision, factual findings must be accepted unless they are clearly erroneous; conclusions of law are reviewed de novo. *Cadle Co. v. Mangan (In re Flanagan)*, 503 F.3d 171, 179 (2d Cir.2007). A bankruptcy court's determination to grant equitable relief is reviewed for abuse of discretion, "[h]owever, legal determinations upon which the dispensation of equitable relief may depend are reviewed de novo." *Id.* at 179–80.

### B. Analysis

#### 1. Notice

■■■■ In a bankruptcy proceeding, due process requirements are satisfied so long as notice is mailed to a creditor at her correct address, *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 735 (5th Cir.1995), because such a mailing is "reasonably calculated" to reach the creditor. *Mullane v. Cent. Han-*

*over Bank & Trust Co.*, 339 U.S. 306, 318, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Proper mailing creates a presumption of receipt. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) (internal citation omitted); Bankr.R. 9006(e) (service of notice by mail is complete on mailing).

### 2. *Presumption*

A creditor's denial of receipt is insufficient to rebut the presumption of proper notice, but it does raise a factual issue. *In re Eagle Bus Mfg.*, 62 F.3d at 735 (internal citation omitted). The presumption may be overcome only by evidence that the mailing was not accomplished. *Id.* To determine if a mailing was accomplished, courts consider such facts as whether the notice was correctly addressed, was properly mailed, and included proper postage, whether a proper certificate of service was filed, and whether the notice was returned to the clerk's office. *See id.* at 735–36 (internal citation omitted); *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 460 (7th Cir.1988) (internal citation omitted).

The Bankruptcy Court held that the presumption was rebutted by Mr. Northrop's testimony that he did not receive the notice. (Order at 3.) This determination is reviewed de novo because it is a legal determination. *In re Flanagan*, 503 F.3d at 179. The Bankruptcy court cited cases holding that a party's testimony alone may be sufficient to overcome the presumption of delivery, however, those decisions are inapposite because the courts were considering notice requirements of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. As discussed above, in a bankruptcy proceeding, standing alone a creditor's denial of receipt is insufficient to rebut the presumption of delivery of notice; evidence that the mailing was not

accomplished is required. The Bankruptcy Court did not inquire whether the mailing was in fact accomplished. Here, as it is undisputed that the notice was correctly addressed and properly mailed, proper certificates of service were filed, and the notice was not returned to the clerk's office, the Court holds that the presumption was not rebutted.

### 3. *Section 105(a) Equitable Relief*

The Bankruptcy Court built on its mistaken determination that the presumption of delivery of notice of the bankruptcy proceeding was rebutted when it invoked its equitable powers under 11 U.S.C. § 105. The court's decision to grant equitable relief is reviewed for abuse of discretion. *In re Flanagan*, 503 F.3d at 179. Section 105(a) provides courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Second Circuit has repeatedly noted that section 105(a) "limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code." *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2d Cir.2003) (internal quotations and citations omitted). Section 105(a) does not "constitute a roving commission to do equity" or "create substantive rights that are otherwise unavailable." *Id.* (internal citation omitted). Therefore, § 105(a) cannot operate on a stand-alone basis—it must be invoked in conjunction with another Bankruptcy Code section.

The Bankruptcy Court noted there was no statutory basis to grant Mr. Northrop an exception from discharge," Order at 3, and that "the Debtor did all that was required to ensure that he receive[d] proper notice," *id.*, thereby fulfill-

ing her statutory duty. *Id.* at 2. Because the court mistakenly held that the presumption was rebutted, however, the court invoked § 105(a) to award equitable relief to the creditor by sustaining the objection to the discharge and allowing the creditor "access to the same payment his claim would have gotten if he had received notice and had filed a proof of claim." *Id.* at 2–3. Without the benefit of another applicable section of the Bankruptcy Code, the Bankruptcy Court lacked authority to invoke § 105(a). *In re Dairy Mart,* 351 F.3d at 92 (holding that § 105(a) afforded creditor no independent relief because no provision of the Code could be successfully invoked).

### 4. *Miscellaneous Equitable Relief*

The Bankruptcy Court did not consider its discretion to allow the Northrops' late claim under the excusable neglect doctrine. Bankruptcy Rule 9006(b)(1) provides that a bankruptcy court in its discretion may accept a late-filed proof of claim where a claimant establishes "excusable neglect." In permitting a creditor's late filing under Bankruptcy Rule 9006(b)(1), the Supreme Court explained that Congress, "by empowering the courts to accept late filings 'where the failure to act was the result of excusable neglect,' [ ] Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (quoting, in part, Bankr.R. 9006(b)(1)). Whether a claimant's neglect of a deadline is excusable is an equitable determination and all relevant circumstances of the claimant's omission must be considered. *Id.* at 395, 113 S.Ct.

1489. Courts should explore: (1) the danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and, (4) whether the movant acted in good faith. *Id.* The Second Circuit has taken a "hard line" approach in applying Pioneer's four equitable factors. *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.),* 419 F.3d 115, 122 (2d Cir. 2005). The Circuit Court observed that typically all but the third factor, the reason for the delay, including whether it was in the reasonable control of the movant, weigh in favor of the movant. *Id.* Therefore, the Court focuses on the third factor and under such an approach, the "equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule." *Id.* (internal quotation and citation omitted).

Applying *Pioneer's* four equitable factors with the Second Circuit's clarification of their application, the Northrops' failure to file a timely proof of claim was not caused by "excusable neglect." First, the Court would be required to construe the Northrops' "Objection to Discharge" as a late-filed proof of claim, as the Bankruptcy Court did. Second, the burden is on the Northrops to prove that their claim was not timely filed because of excusable neglect. Third, two of the three factors that the Circuit Court noted usually weigh in favor of the movant here actually favor the debtor: (1) the danger of prejudice to the debtor is clear in this case because the debtor would be required to pay the award from her pocket after completing payments to satisfy her debts, and (2) the creditors' claim arose over 4½ years after the bar date.[1] Though it does not appear

---

1. *In re Enron Corp.,* 298 B.R. 513, 526 (Bankr.S.D.N.Y.2003) (finding six-month de-

that the Northrops acted in bad faith and the reason for the delay—the Northrops ignorance of the bankruptcy proceedings—weigh in favor of a finding of excusable neglect, in this case, the equities do not favor the Northrops over the debtor where the debtor timely fulfilled her statutory duty and the Northrops—no fault of their own it may have been—failed to raise their claim for 55 months.

## IV.  *Conclusion*

Here, where the presumption that notice was delivered has not been rebutted and actual receipt is not required, the Bankruptcy Court should not have sided with the creditor over the debtor where the debtor did all that was required under the law.  The equitable relief the Bankruptcy Court fashioned creates a precedent for creditors to simply claim that they never received notice, though the bankruptcy court noticing center properly mailed notice, without more concrete evidence of improper mailing, and thereby prevent the finalization of a debtor's discharge. Therefore, the Court holds that the Bankruptcy Court abused its discretion in awarding equitable relief pursuant to § 105(a) and a finding of excusable neglect is not warranted in this case.

It is hereby ORDERED that the portion of the Order Granting Creditor Limited Relief and Approving Trustee's Final Report which sustains the Northrops' objection to discharge is reversed and the matter is remanded to the Bankruptcy Court.

lay in filing a proof of claim substantial), *aff'd, In re Enron Corp.,* 419 F.3d 115; *In re Eagle*

*Bus Mfg.,* 62 F.3d at 739 (describing a six to eight-month delay as "egregious").