In re Russell Lee EBERSOLE, Debtor.

Russell Lee Ebersole, Movant.

v.

Karen L. Ebersole, Respondent.

No. 09–51561.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

April 15, 2011.

Russell Lee Ebersole, Stephenson, VA, pro se.

**DECISION AND ORDER**

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on April 6, 2011, to consider Debtor's Motion to Reconsider the March 24, 2011 Default Order Granting Karen L. Ebersole's Motion for Relief from the Automatic Stay (hereafter the "Motion to Reconsider")[1]. Additionally, the Court considered Karen L. Ebersole's Objection to the Motion to Reconsider.[2] After considering the pleadings and arguments of the parties the Court makes the following findings of fact and conclusions of law.

*Facts*

The Debtor filed his Chapter 13 petition on September 29, 2009. On January 14, 2010, the Debtor's case was converted to Chapter 11. On February 22, 2011, Karen

[1]. Docket No. 212, Motion to Reconsider the March 24, 2011 Default Order Granting Karen L. Ebersole's Motion for Relief from the Automatic Stay, *In re Ebersole*, Case No. 09–51561, (Bankr.W.D.Va. Mar. 25, 2011).

[2]. Docket No. 214, Objection to Motion to Reconsider the March 24, 2011 Default Order Granting Karen L. Ebersole's Motion for Relief from the Automatic Stay, *In re Ebersole*, Case No. 09–51561, (Bankr.W.D.Va. Mar. 28, 2011).

L. Ebersole filed a Motion to Relief.[3] On February 22, 2011, the Court entered a Pre–Hearing Order for the Motion for Relief (hereafter the "Pre–Hearing Order").[4] On February 24, 2011, the Court sent the Pre–Hearing Order via first class mail to the address provided on the Debtor's mailing matrix filed with the Court with his Petition for Relief, 667 Walters Mill Lane, Stephenson, VA 22656.[5] The Pre–Hearing Order directed the Debtor to file a responsive pleading to the Motion for Relief within fourteen (14) days from the date of the Pre–Hearing Order if the Debtor chose to oppose the relief sought in the Motion for Relief. The Pre–Hearing Order also informed the Debtor that a failure to file a responsive pleading in the time provided would result in the Debtor's waiver of further notice or opportunity to be heard, and the entry of a default judgment against the Debtor on request of Karen L. Ebersole. The Debtor failed to timely file a responsive pleading. On March 24, 2011, a Default Order was entered granting the Motion for Relief. On March 25, 2011, the Debtor filed the Motion to Reconsider. On March 28, 2011, Karen L. Ebersole filed her response to the Motion to Reconsider. In his Motion to Reconsider, the Debtor asserts that he never received the Pre–Hearing Order and thus, did not know that the Motion for Relief had been filed or that he had a limited time in which to file a response.

### Discussion

■■■ As a preliminary matter, the Court finds that given the relief requested by the Debtor in his Motion for Reconsideration, the Debtor is proceeding under Fed. R.Civ.P. 60(b). Rule 60(b) provides relief from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b), (West, 2011). The Court finds that although the Debtor has not stated which provision of Rule 60(b), given the fact that the Debtor's sole basis for relief is that he never received the Pre–Hearing Order the Debtor is proceeding under subsection 6, "any other reason that justifies relief."

*Hagner v. U.S.*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) states that "[t]he rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *See also, FDIC v. Schaffer*, 731 F.2d 1134, 1137 (4th Cir. 1984). *Bosiger v. U.S. Airways*, 510 F.3d

---

**3.** Docket No. 180, Motion for Relief From the Automatic Stay Filed by Karen L. Ebersole, *In re Ebersole*, Case No. 09–51561, (Bankr. W.D.Va. Feb. 22, 2011)

**4.** Docket No. 184, ORDER (Pre–Hearing) in Relief From Stay Motion, *In re Ebersole*, Case No. 09–51561, (Bankr.W.D.Va. Feb. 22, 2011)

**5.** Docket No. 190, BNC Certificate of Mailing–PDF Document (RE: related document(s) 184 Pre–Hearing Order re: Motion for Relief from Stay), *In re Ebersole*, Case No. 09–51561, (Bankr.W.D.Va. Feb. 24, 2011)

442, 451 (4th Cir.2007) holds that to rebut the presumption of delivery the party seeking to do must present "strong evidence to the contrary."

■ In this case, the court-generated certificate of mail that was entered on the docket at Docket No. 190 indicates that the Pre–Hearing Order was sent via mail to the Debtor at his address, 667 Walters Mill Lane, Stephenson, VA 22656. The court-generated certificate constitutes certification that the Pre–Hearing Order was properly placed in a post office and thus, creates the presumption of delivery of said Pre–Hearing Order. In an attempt to rebut the presumption of delivery the Debtor stated that on various occasions in the past he has not received pieces of mail that were addressed to him. The Debtor asserts that his failure to receive mail is due to the rural nature of his mailing location, confusion over the location of his post office box in relation to that of a similarly named entity, and the general failings of rural route mail carriers. However, the Debtor's general denial does not constitute the "strong evidence" required by *Bosiger* to rebut the presumption of delivery of the Pre–Hearing Order. *See Bosiger*, 510 F.3d at 451. Therefore, the Court finds that the Debtor, having failed to rebut the presumption of delivery of the Pre–Hearing Order, and having failed to plead any other basis for relief, is not entitled to reconsideration under Rule 60(b). Accordingly, it is

### ORDERED

That the Debtor's Motion to Reconsider the March 24, 2011 Default Order Granting Karen L. Ebersole's Motion for Relief from the Automatic Stay is hereby **DENIED** without prejudice.