**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES E. MOODY,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>               Respondent - Appellee. | Nos. 11-72122<br>       11-72125<br><br>Tax Ct. Nos. 1319-10L<br>          1060-10L<br><br>MEMORANDUM[*] |

Appeals from a Decision of the
United States Tax Court

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

In these consolidated appeals, James E. Moody appeals pro se from the Tax

Court's summary judgments permitting the Commissioner of Internal Revenue

("Commissioner") to proceed with actions to collect his federal income tax liability

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these appeals are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for tax years 2000, 2001, 2003, and 2004.  We have jurisdiction under 26 U.S.C. § 7482(a).  We review de novo a grant of summary judgment.  *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002).  We affirm.

The Tax Court properly determined that Moody was precluded from challenging his tax liability for all tax years at issue because he received notices of the deficiency but failed to petition the tax court for a deficiency hearing.  *See* 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").  Contrary to his contention on appeal, Moody failed to raise a genuine dispute of material fact as to whether he did not receive the notice of deficiency because he did not submit any evidence contradicting the evidence of mailing submitted by the Commissioner.  *See Hagner v. United States*, 285 U.S. 427, 430 (1932) (a properly mailed letter carries with it a presumption of receipt).

Moody's remaining contentions are unpersuasive.

**AFFIRMED.**

11-72122