The Great Atlantic & Pacific Tea Co., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             STEVEN J. MENASHI,
                    *Circuit Judges*,
             MARY KAY VYSKOCIL,
                    *District Judge*. [1]

_____

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,

                                        *Debtor*.

KATERENE HALKIAS,
        *Appellant,*

        v.

NATIONAL UNION FIRE INSURANCE COMPANY                    20-2659-bk
OF PITTSBURGH, PA,
        *Appellee,*

THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,
        *Debtor-Appellee*.

_____

_____

[1] Judge Mary Kay Vyskocil, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:     Thomas J. Romans, Wyckoff, N.J.

Appearing for Appellee:      Susan N. Gummow, Foran Glennon Palandech Ponzi & Rudloff
                             PC, Chicago, IL, *for National Union Fire Insurance Company of
                             Pittsburgh, PA*.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Katerene Halkias appeals from the July 14, 2020 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) dismissing, for failure to timely file her opening brief, her appeal from an order of the United States Bankruptcy Court for the Southern District of New York (Drain, *B.J.*) denying her motion for relief from the automatic stay. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the dismissal for failure to timely file, for substantially the reasons set out in the thorough and well-reasoned opinion of the district court. *In re Great Atl. & Pac. Tea Co., Inc.*, 618 B.R. 57 (S.D.N.Y. 2020) ("*Halkias*"). As to her appeal from the district court's dismissal of her appeal from bankruptcy court, Halkias indisputably failed to file her brief on time and did not seek an extension of the time to file until after both the deadline passed and Appellee moved to dismiss for failure to timely file. A district court may allow a late "filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 382 (1993) (internal quotation marks omitted). "The burden of proving excusable neglect lies with the late claimant." *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005). The district court found Halkias failed to establish excusable neglect, particularly given that counsel did not request an extension of time to file. *Halkias*, 618 B.R. at 64. It did not exceed the bounds of its discretion in so finding.

"We have long recognized that dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996). Thus, "[f]ailure to consider a lesser sanction than dismissal is generally an abuse of discretion," *Shepherd v. Annucci*, 921 F.3d 89, 98 (2d Cir. 2019). Here, we decline to find the district court exceeded its discretion in dismissing the appeal because the district court also correctly concluded that Halkias's appeal lacked merit.

As the district court explained, the affidavit of service submitted by the debtor's claim-processing agent was sufficient to establish a presumption that the debtor gave Halkias and her counsel notice that the automatic stay had been lifted. *See Hagner v. United States*, 285 U.S. 427, 430 (1932) ("[P]roof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."). Indeed, Halkias acknowledged that she received such notice, and

2

her counsel's claim that he did not receive notice was insufficient to rebut the presumption that notice was given.

We have considered the remainder of Halkias's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk