NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021[*]
Decided December 15, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 19-1802

| | |
|---|---|
| AMANDA CRAVEN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court<br>for the Western District of Wisconsin. |
| *v.* | No. 16-cv-53-wmc |
| KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br>    *Defendant-Appellee*. | William M. Conley,<br>*Judge*. |

## O R D E R

Amanda Craven applied for supplemental security income in 2010, but her claim was denied after she failed to respond to mailings sent to the address that she provided the agency. Long after the deadline to seek reconsideration had passed, Craven sought

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

reconsideration anyway, asserting that she never received the agency's mailings and was misled to believe that her claim was still pending. An administrative law judge found her assertions not credible and denied her request as untimely. Craven appeals the district court's ruling upholding that decision and seeks review of her application on the merits. Because substantial evidence supports the agency's decision, we affirm.

Craven applied to the Social Security Administration in 2010 for benefits based on a claim of mental illness. She first called in August, and the agency mailed confirmation of that conversation to her social worker in Pennsylvania. She applied electronically in September and gave a Florida address as her home for mailings from the agency. On the application, Craven declared, "I do not expect these arrangements to change." The agency mailed a request for more information to the Florida address in October, but Craven did not respond. In November, the agency mailed another notice to the same address, this time denying her application for benefits. That mailing advised Craven she had 60 days to appeal or seek reconsideration; she did not do so. Neither mailing was returned as undeliverable.

Nearly three years passed. In June 2013, Craven called the agency to discuss her claim. Learning that it was long denied, she requested reconsideration the next month. From this point on, she used her appointed guardian's Wisconsin address. (The record is silent on the history and scope of Craven's guardianship, but she does not argue that it explains her lateness.) Craven argued that the agency should excuse her nearly three-year delay. She insisted that she never received the notices mailed to Florida in 2010, and an agency representative had misled her to believe that the agency would contact her by phone and that the claim-review process would take years. When the agency denied her request, she sought review by an ALJ. *See* 20 C.F.R. § 416.1433(c).

The ALJ considered her assertion that she never received the notices mailed to her home in Florida. Craven admitted that she lived with her sister between August 2010 and 2013 at the Florida address that she gave the agency. Her guardian said that he had "pushed" Craven to follow up on her claim in 2010. Craven was unable to name the agency representative she said misled her; in any case, she asserted only that the representative had stated "that we could keep in contact by phone."

The ALJ issued an adverse decision. He discredited Craven's assertions that she did not receive the notices at the address she had provided the agency and the agency had misled her. Furthermore, because Craven did not respond within 60 days of the agency's denial of her claim in November 2010, her request for reconsideration was

untimely. *See* 20 C.F.R. § 1409(a). He also determined that Craven lacked good cause under 20 C.F.R. § 416.1411(a) to excuse the untimeliness of her request. Specifically, she admitted that the home address that she provided to the agency had not changed between 2010 and 2013, she could and did call the agency at times, but she did not do so in late 2010. Although she described herself as "frazzled" at that time, she did not assert that this impaired her from calling or understanding the need to respond to mail. Based on this evidence, the ALJ denied Craven's request for reconsideration.

Craven contested this decision. First she appealed within the agency to the Appeals Council. As additional evidence of good cause, she submitted evidence of her mental health history. The Appeals Council did not hold a hearing, but it reviewed the ALJ's decision and Craven's new evidence. It ruled that the evidence did not address her failure to follow up on her application for nearly three years and thus did not "provide a reason to alter" the ALJ's finding. The Appeals Council modified the disposition of the hearing from a denial of Craven's request for reconsideration to a dismissal to comport with 20 C.F.R. § 416.1457(c)(3). *See* HALLEX[1] I-3-4-20 (Appeals Council may dismiss for any reason the ALJ could have dismissed). Craven then sought judicial review, and the district court upheld the agency's decision.

This appeal followed. (It was stayed for two years pending resolution of Craven's motion for relief from the judgment, which is not before us.) Craven argues that the record shows good cause to excuse her belated request for reconsideration and adds that the agency had an independent duty to call her when she did not respond to her mail. We consider only the record that was before the agency, asking whether the ALJ's decision, as modified by the Appeals Council, was based on substantial evidence, or "evidence a reasonable mind might accept to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (applying 42 U.S.C. 405(g)).

As a preliminary matter, we address a jurisdictional argument. Both before the district court and on appeal, Craven argues the Appeals Council's modification of the ALJ's decision without a second hearing prevented the Appeals Council's decision from becoming final. It is correct that before a federal court can review the agency's decision, 42 U.S.C. § 405(g) requires a "final decision … made after a hearing." But the Supreme Court has held that § 405(g) "naturally suggests" a hearing before an ALJ, not before the Appeals Council. *Smith v. Berryhill*, 139 S. Ct. 1765, 1774, 1774 n.1 (2019). Craven

---

[1] The SSA's Hearings, Appeals, and Litigation Law Manual, *available at* http://www.ssa.gov/OP_Home/hallex/hallex.html (last visited Nov. 17, 2021).

received "the relevant 'hearing'," *id.*, through the good-cause hearing before the ALJ. Although the Appeals Council was willing to accept Craven's new evidence, it was not required to hold a second hearing for its decision to be final.

Turning to the merits, we address whether substantial evidence in the record, as supplemented by Craven's new evidence, supports the finding that Craven did not meet her burden under 20 C.F.R. § 416.1411(a) to excuse her late request for reconsideration. We agree with the district court that substantial evidence supports that finding. Craven had to show that unavoidable circumstances, agency misrepresentations, inability to understand the application requirements, or some other impairment prevented her timely filing. 20 C.F.R. § 416.1411(b)(1)–(4). But substantial evidence supports the contrary conclusion: Craven testified that the address in Florida that she provided in her application, and which she never updated with the agency, was her residence between 2010 and 2013. The agency used that address in 2010 to mail her its decision, and mailing is evidence of receipt. *See Matter of Navistar MaxxForce Engines Mktg., Sales Pracs., & Prod. Liab. Litig.*, 990 F.3d 1048, 1050 (7th Cir. 2021) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)). Craven identifies nothing in her mental health history or elsewhere that prevented her from contacting the agency in 2010. Rather, she admitted that she could, did, and preferred to contact the agency by phone at various times. Finally, she provided no compelling evidence that an agency representative misled her into inaction. The agency thus had substantial evidence that Craven "lacked 'good cause' for [her] delay." *Casey v. Berryhill*, 853 F.3d 322, 326 (7th Cir. 2017).

Craven's contention on appeal that the agency had a duty to call her when she did not respond to the 2010 mailings is incorrect as a matter of law and fact. Craven relies on the agency's employee manual, the Programs Operations Manuals System,[2] to argue that the agency had an "obligation to provide [her] notice." But Craven correctly observes that the manual "does not have the force and effect of law." *O'Donnell v. Saul*, 983 F.3d 950, 958 (7th Cir. 2020) (internal citation omitted). In any event, it does not support an argument that the agency had to provide more notice (such as by phone) than Craven received by mail. Agency regulations state that it will communicate by mail its requests for more information and notices of its decisions; likewise, the applicant must request reconsideration in writing. *See* 20 C.F.R. §§ 416.1404(a), 416.1409(b), 416.1322. Beyond all this, the agency had no notice that Craven did not

---

[2] Also known as POMS, *available at* https://secure.ssa.gov/apps10/poms.nsf/Home?readform (last visited Nov. 30, 2021).

receive its mailings. They were not returned to the agency as undeliverable; thus the agency had no reason to think that Craven needed more notification.

AFFIRMED