IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2015

**ANDREW SOIMIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Putnam County
No. 040592     Leon C. Burns, Jr., Judge**

---

**No. M2014-01700-CCA-R3-HC – Filed April 24, 2015**

---

Petitioner, Andrew Soimis, filed a petition for writ of habeas corpus alleging that his judgment was void because he was convicted without an indictment. The habeas corpus court summarily dismissed the petition. Upon our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Andrew Soimis, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Anthony Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

Petitioner was indicted for the first degree murder of David Duncker, and following a July 2005 jury trial, he was convicted of second degree murder. *Andrew Soimis v. State*, No. M2010-01002-CCA-R3-PC, 2011 WL 2572779, at *1 (Tenn. Crim. App. June 29, 2011), *perm. app. denied* (Tenn. Oct. 19, 2011). Petitioner's conviction was premised upon his having shot and killed the victim while the men were fishing together in a rural area. *Id.* A thorough recitation of the facts underlying petitioner's

conviction can be found in this court's opinion on direct appeal. *See State v. Andrew Soimis*, No. M2005-02524-CCA-R3-CD, 2007 WL 416380, at *1 (Tenn. Crim. App. Feb.8, 2007), *perm. app. denied* (Tenn. June 18, 2007).

## II.  Habeas Corpus Proceedings

Petitioner seeks habeas corpus relief from his 2005 conviction of second degree murder.  He alleges that his judgment is void because the indictment charged him with first degree murder but he was convicted of second degree murder; thus, he was not provided notice of the elements of the offense for which he was convicted.  He extrapolates that he was, accordingly, convicted without benefit of an indictment.  The habeas corpus court summarily dismissed the petition, and this appeal follows.

### A.  Standard of Review

"[T]he grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)).  Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired.  *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).  "'A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.'"  *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).  Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency.  *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529).  The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus.  *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)).  The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness.  *Hart*, 21 S.W.3d at 903.

There are also procedural hurdles that must be cleared before a petition for writ of habeas corpus is properly before a court.  First, application for the writ "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."  Tenn. Code Ann. § 29-21-105.  Second, the application "shall be made by petition, signed either by the party for whose benefit it is intended, . . . and verified by affidavit."  *Id.* § 29-21-107(a).  A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. *Id.*

Having met the procedural requirements, a habeas corpus petitioner must also establish a void judgment or illegal confinement by a preponderance of the evidence.

*Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the challenged judgment is void. Tenn. Code Ann. § 29-21-109; *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

## B. Analysis

From petitioner's pro se brief, we glean that he argues that the judgment for second degree murder in his case is rendered void because it is allegedly in conflict with his indictment for first degree murder. As such, he maintains, he was "convicted without an indictment [for] second degree murder." "A valid indictment is an 'essential jurisdictional element' to any prosecution; consequently, . . . a defective indictment may deprive a court of jurisdiction." *Hart*, 21 S.W.3d at 903 (citing *Dykes*, 978 S.W.2d at 529). While challenges to the sufficiency of an indictment are not properly cognizable in habeas corpus proceedings, an indictment may be challenged through a petition for habeas corpus when the indictment is so defective as to deprive the trial court of jurisdiction to enter a judgment. *Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971); *see Dykes*, 978 S.W.2d at 529.

We note first that petitioner has failed to comply with the mandatory requirements for initiating a valid petition for writ of habeas corpus relief. As the habeas corpus court correctly found, petitioner filed the writ in Putnam County, but he is incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee, which is located in Lauderdale County. Tenn. Code Ann. § 29-21-105. He gave no sufficient reason for failing to file his cause of action in Lauderdale County. Standing alone, this procedural violation warrants summary dismissal by the habeas corpus court. In addition, petitioner failed to have his petition "verified by affidavit," or notarized. *Id.* § 29-21-107(a). He signed the petition under the section entitled "Petitioner's Verification under Oath," but he failed to have a notary witness his signature and affix the stamp. This, also, provides sufficient justification for summary dismissal.

Further, we conclude that petitioner has not established a void judgment. In criminal prosecutions, the accused has a right to fair and reasonable notice of the charges to be defended. *State v. Rush*, 50 S.W.424, 427 (Tenn. 2001) (citing U.S. Const. amend. VI; Tenn. Const. art. I, § 9). Because of this right to notice, the accused may be convicted only of a crime that is raised by the indictment or which is a lesser-included offense thereof. *Id.* (citing *Hagner v. United States*, 285 U.S. 427, 431 (1932)); *see also* Tenn. R. Crim. P. 31(c) ("The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."). Second degree murder is a lesser-included offense of first degree murder, *see Carpenter v. State*, 126 S.W.3d 879,

889 (Tenn. 2004), and is therefore encompassed by the indictment in this case. Petitioner is not entitled to relief.

## CONCLUSION

Based upon the briefs of the parties, the applicable legal authority, and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE